3256. SHEPPARD *v.* THE STATE.

HILL, C. J. 1. The defense relied upon, that the laborer was a minor at the time he made the contract to perform service, and that he had been prevented by parental authority from performing it, was issuable, under the evidence; and the trial judge clearly instructed the jury that if they found, from the evidence, that the accused' was a minor at the time he made the contract on which he was charged with getting money and property under his promise to perform, and had been prevented from performance by the commands of his father, his conviction would not be authorized.

2. The trial judge did not err in admitting evidence that some of the money had' been advanced to the laborer on his contract after the date of its

execution, as the allegations of the accusation covered both clauses of the statute (Penal Code (1910), § 715), which makes it a penal offense to procure money or other thing of value on such a contract at the time of its execution, or after the contract has been executed and pending its performance, in violation of the terms of the statute.

3. No error of law appears, and the evidence supports the verdict.

*Judgment affirmed.*

DECIDED APRIL 11, 1911.

Accusation of cheating and swindling; from city court of Ashburn—Judge Tipton. February 4, 1911.

*John B. Hutcheson,* for plaintiff in error.

*Edwin A. Rogers, solicitor, J. A. Comer,* contra.