### 9747.   MITCHELL v. SOUTHERN RAILWAY COMPANY.

1. It does not appear that the discretion vested in the judge was abused by his refusal to allow additional evidence in behalf of the plaintiff after announcing that a nonsuit would be awarded, it appearing both that counsel for the plaintiff had knowledge of the existence of the proposed additional evidence and that the same evidence was available before closing the case, and no reason being assigned why it had not been previously presented. *Cushman* v. *Coleman*, 92 *Ga.* 772 (19 S. E. 46); *Penn* v. *Georgia So. Ry. Co.*, 129 *Ga.* 856 (60 S. E. 172); *Polhill* v. *Postal Telegraph-Cable Co.*, 16 *Ga. App.* 601 (3) (85 S. E. 936); *Moore* v. *Dixie Fire Insurance Co.*, 19 *Ga. App.* 800, 807 (92 S. E. 302).

2. There was no error in awarding a nonsuit on the 1st and 2d counts of the petition, as the evidence failed to establish that at the time of the injury the defendant was engaged and the plaintiff employed in inter-

state commerce. According to the plaintiff's testimony he was "in-spector for engines, tanks, wheels, and all such as that—engine car-penter," and inspected engines engaged in both intrastate and inter-state commerce. He inspected any engine that came into the round-house; and an engine might run to Chattanooga, Tennessee, on one day, to Jacksonville, Florida, on another day, or to Macon, Georgia, on still another day. Minneapolis &c. R. Co. v. Winters, 242 U. S. 353 (37 Sup. Ct. 170, 61 L. ed. 358, Ann. Cas. 1918B, 54). The answer of the defendant to the allegation as made in the petition (which was afterwards made more definite by amendment), that the plaintiff was injured while employed in interstate commerce, was not so evasive as to constitute an admission of the truth of the alleged fact and to supply, when introduced in evidence, sufficient proof that the plaintiff was engaged in interstate commerce.

3. The court erred in granting the second application to remove the case from the State to the Federal court, after sustaining the motion to award a nonsuit as to the two counts in the declaration alleging that the plaintiff was employed in interstate commerce at the time of the injury, since he did not admit any failure of proof as to the character of the employment; nor did he amend his complaint, but at all times insisted and still insists that the allegation was supported by the evi-dence; and it did not appear that the allegations as to employment in interstate -commerce were made for the fraudulent purpose of evading the removal of the case from the State court.

DECIDED JANUARY 14, 1919.

Action for damages; from Fulton superior court—Judge Pen-dleton. March 26, 1918.

*Colquitt & Conyers,* for plaintiff.

*McDaniel & Black,* for defendant.

WADE, C. J. In the case of Great Northern R. Co. v. Alexander, 246 U. S. 276 (38 Sup. Ct. 237, 62 L. ed. 713), it was said: "It is, of course, familiar law, that, the right of removal being stat-utory, a suit commenced in a State court must remain there until cause is shown for its transfer under some act of Congress (Little York Gold-Washing & Water Co., v. Keyes, 96 U. S. 199, 24. L. ed. 656; Judicial Code, c. 3, §§ 28, 39 [36 Stat. 1094, 1099, c. 231, Comp. Stat. 1916, §§ 1010, 1021]). The allegation of the com-plaint that the deceased was employed in interstate commerce when injured brought the case within the scope of the Federal employers' liability act [U. S. Comp. St. §§ 8657-8665], and it would have been removable either for diversity of citizenship or as a case arising under a law of the United States, except for the prohibi-tion against removal contained in the amendment to the act, approved April 5, 1910 (36 Stat. 291, c. 143). But this allegation rendered the case, at the time it was commenced, clearly not

.removable on either ground. Kansas City Southern R. Co. *v.* Leslie, 238 U. S. 599 (59 L. ed 1478, 35 Sup. Ct. Rep. 844); Southern R. Co. *v.* Lloyd, 239 U. S. 496 (60 L. ed. 402, 36 Sup. Ct. Rep. 210). . . It is also settled that a case arising under the laws of the United States, non-removable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff, or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or of parties defendant. Kansas City Suburban Belt. Ry. Co. *v.* Herman, 187 U. S. 63 (47 L. ed. 76, 23 Sup. Ct. 24); Alabama G. S. R. Co. *v.* Thompson, 200 U. S. 206 (50 L. ed. 441, 26 Sup. Ct. 161, 4 Ann. Cas. 1147); Lathrop, S. & H. Co. *v.* Interior Constr. & Improv. Co. 215 U. S. 246 (54 L. ed. 177, 30 Sup. Ct. 76); American Car & Foundry Co. *v.* Kettlehake, 236 U. S. 311 (59 L. ed. 594. 35 Sup. Ct. 355). The obvious principle of these decisions is, that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may, by the allegations of his complaint, determine the status with respect to removability of a case arising under a law of the United States, when it is commenced, and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case, non-removable when commenced, shall afterwards become removable, depends not upon what the defendant may allege or prove, or what the court may, after hearing upon the merits, in invitum, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in. the case as it progresses towards a conclusion. . . The plaintiff did not at any time admit that he had failed to prove the allegation that the deceased was employed in interstate commerce when injured, and he did not amend his complaint, but, on the contrary, he has contended at every stage of the case, and in his brief in this court still contends, that the allegation was supported by the evidence. The first holding to the contrary was by the State supreme court; and the most that can be said of that decision is that the defendant prevailed in a matter of defense which he had pleaded; but, as we have seen, this does not convert a non-removable case into

a removable one, in the absence of voluntary action on the part of the plaintiff, and it therefore results that the defendant did not at any time have the right to remove the case to the Federal court, which it claims was denied to it, and that therefore, there being no substance in the claim of denial of Federal right, this court is without jurisdiction to review the decision of the Supreme Court of Montana, and the writ of error must be dismissed."

It is not necessary to add anything further to the rulings stated in the headnotes.

> *Judgment reversed. Jenkins and Luke, JJ., concur.*