17769. HUGHES *v.* WEEKLEY ELEVATOR COMPANY *et al.*

1. Where a general demurrer is interposed to a petition, a judgment overruling the demurrer, unexcepted to, conclusively adjudicates the sufficiency of the allegations, and if the subsequent proof supports the same a recovery is authorized. But where no demurrer is interposed, the defendant may, nevertheless, at any time before a verdict, move to dismiss the case upon the ground that under the pleadings and the evidence no legal recovery could be had; and such procedure is not barred by the previous failure to demur.

2. Under the pleadings and proof, no legal recovery could have been had by the servant of the owner of the elevator against the manufacturer of the elevator, on account of the negligence of the servant of one acting as the independent contractor of the manufacturer engaged in repairing the same; nor could the manufacturer be held liable to the plaintiff on account of defects in the machinery furnished by it to his master, where it appears without dispute that the plaintiff, while engaged in helping the independent contractor to remedy the defect complained of, was injured solely by reason of the negligence of the servant of the independent contractor. Accordingly, the court did not err in dismissing the action so far as it pertained to the defendant manufacturer.

3. A servant assisting the servant of another to facilitate the business of the former's master is not a volunteer.

(*a*) While one acting merely as the agent of another in employing underservants for and on behalf of his principal is not liable to third persons for torts committed by such underservants, this doctrine does not have application where an independent contractor of another uses his own servants in doing the work according to his own manner and methods; and since it appears from the pleadings and the evidence for the plaintiff that the injury was occasioned by the negligence of a servant in the employ of the defendant independent contractor of the manufacturer, the case should have been submitted to the jury in order for it to pass upon such questions of negligence and the damage resulting therefrom.

DECIDED JULY 14, 1927. REHEARING DENIED AUGUST 26, 1927.

Action for damages; from city court of Atlanta—Judge Dorsey. September 22, 1926.

Hughes brought a joint suit for personal injuries against Weekley Elevator Company, of Atlanta, and Reliance Elevator Company, of Chicago, Illinois, alleging that the Weekley Elevator Company was the local agent in Atlanta for the Reliance Elevator Company, and, as such, had sold A. C. Miller & Company of At-

Agency, 2 C. J. p. 826, n. 78; p. 829, n. 97.

Dismissal and Nonsuit, 18 C. J. p. 1176, n. 37.

Master and Servant, 39 C. J. p. 270, n. 72 New; p. 1316, n. 7; p. 1324, n. 11.

Pleading, 31 Cyc. p. 351, n. 36 New; p. 729, n. 54.

lanta an elevator to be operated in the place of business of the latter, where the plaintiff was employed as their servant. The plaintiff showed by his evidence that the Weekley Elevator Company was the Atlanta agent of the Reliance Company and sold and installed elevators manufactured by the latter concern, receiving for its services commissions which were added to the purchase-price of the elevators, the purchasers remitting directly to the Reliance Company and the Reliance Company reimbursing the Weekley Company for materials and labor furnished by it in the installation of the machinery, and for the profit to be received by the Weekley Company from the sale. The contract between Miller & Company and the Reliance Company provided that the Reliance Company should "furnish without charge new parts for any part proving defective (ordinary wear and tear excepted) upon written demand, within one year from date of completion of the elevator, provided the equipment has been properly used, oiled, and cared for, has not been overloaded, and provided all payments due by the terms of this contract have been made in full." The Weekley Company conducted a general elevator service business, and was generally engaged in the business of repairing elevators of all makes and kinds in connection with its representation of the Reliance Company as selling agent. In connection with its service business the Weekley Company "maintained an inspection service" of the elevator sold to Miller & Company, and received pay from Miller & Company for such service. The Reliance Company have no connection with such inspection service. On the date of the alleged injury to the plaintiff the elevator which the Weekley Company had sold to Miller & Company became out of order and fell for a distance of a floor and a half while it was being used in raising an automobile up to the top floor of the three-story building of Miller & Company. Miller & Company reported the occurrence to the Weekley Company, which sent one Ewing to make the necessary repairs. After making an examination and after welding a broken controller arm, finding that the elevator still failed to function properly, he announced to Miller that it was necessary for him to have additional help in putting the elevator in operation, whereupon Miller offered to lend the service of his servant, the plaintiff Hughes, who, under the direction of Ewing, stationed himself beneath the elevator in order to hold

the safety cable while it was being readjusted by Ewing. It is indicated by the petition and by the evidence in support of it that while the plaintiff was so stationed, and while thus engaged in accordance with the direction of Ewing, the latter released the safety catch of the elevator, causing the elevator to fall again and severely injure the plaintiff. The plaintiff contends that the first fall of the elevator on the day of the injury was caused by the stripping of the gearing of the pinion-gear, which the petition alleges was defectively constructed. It was further shown by the evidence, that after the injury to Hughes the Weekley Company notified the Reliance Company of the defect in the machinery, and that the Reliance Company advised that it would "express the stuff right down, and get it fixed," and that thereafter the Reliance Company paid the Weekley Company not only for the material used in the repair work, but for the actual cost of the labor employed in making the repairs.

No demurrer to the petition was filed, but at the conclusion of the plaintiff's evidence, on motion of the defendants, the court passed an order dismissing the case on the ground that under the pleadings and the evidence no legal recovery could be had against either of the defendants. The Reliance Company contends that the plaintiff, under the pleadings and the evidence, was nothing more than a mere volunteer, and, further, that it could not be held liable for the negligence of the servant of the Weekley Company, which, at most, occupied toward it the status of an independent contractor. The Weekley Company made the same contention with reference to the plaintiff being a volunteer, and also contended that under the provisions of section 3613 of the Civil Code of 1910 it, as the agent of the Reliance Company, could not be held liable for the negligence of its underservant.

*Reuben R. & Lowry Arnold, B. P. Gambrell,* for plaintiff.

*Colquitt & Conyers, Bryan & Middlebrooks,* for defendants.

JENKINS, P. J. (After stating the foregoing facts.)

1. The principle announced in the first division of the syllabus requires no elaboration. See *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280); *Rountree* v. *Seaboard Air-Line Ry. Co.,* 31 *Ga. App.* 231, 236 (120 S. E. 654).    •

2. Save for the fact that the record indicates that the Reliance Company did in fact pay back to the Weekley Company the cost

and charges spent by it in the repair work in question, there would seem to be a total lack of proof going to indicate that the Weekley Company was in any wise authorized to act for and on behalf of the Reliance Company in doing repair work on elevators sold for the Reliance Company by the Weekley Company, it in fact appearing that the Reliance Company had merely contracted with Miller, the purchaser, to supply, under stated conditions, new parts for defective parts, and was in no wise bound to keep the elevator in repair or to pay the cost of repairing or of installing new parts; but even on the assumption that the Weekley Company was in fact acting for the Reliance Company in doing the repair work in question, the pleadings and proof fail to indicate any liability on the part of the Reliance Company on account of the alleged negligence of the servant of the Weekley Company, for the reason that it further appears that any such work as the Weekley Company may have been recognized as having been obligated or authorized to perform for and on behalf of the Reliance Company necessarily must have been and actually was executed as an independent contractor, for the reason that under both the allegations and the proof the Reliance Company did not have or retain any authority or control over the time, manner, means, or method by which such work was to be performed. Civil Code (1910), § 4414; *Malin* v. *City Council of Augusta,* 29 *Ga. App.* 393 (115 S. E. 504). So far as any liability of the Reliance Company is concerned, even were it to be assumed that the plaintiff might be entitled to recover for damages occasioned by defective machinery when it appears that at the time of the injury the very work upon which he was engaged was that of helping to remedy the defect which caused the machinery to fail to function (*Green* v. *Babcock Lumber Co..* 130 *Ga.* 469, 60 S. E. 1062; *Huey* v. *Atlanta,* 8 *Ga. App.* 597, 604 (70 S. E. 71), there could, nevertheless, be no recovery against the Reliance Company in the instant case for any such alleged defect in the machinery, since it appears, from the plaintiff's contention, that while such defect may have occasioned "the first fall of the elevator on that day," the contention of the plaintiff as to the proximate cause of the fall which occasioned the injury is that it was brought about solely by the negligence of the servant of the Weekley Company in his manipulation of the safety-catch. According to the

principles above set forth, the court did not err in dismissing the case in so far as it was proceeding against the Reliance Company.

3. "One assisting the servants of another to facilitate his own business, or that of one to whom he sustains a contractual business relation, mutually beneficial, is not a volunteer." *Davis* v. *Savannah Lumber Co.*, 11 *Ga. App.* 610 (2) (75 S. E. 986). In the instant· case, contrary to the theory of the action sought to be maintained by the cases cited in *Early* v. *Houser,* 28 *Ga. App.* 24 (109 S. E. 914), the plaintiff did not maintain his action on the theory that he was the servant of the defendants, but solely on the theory that he was on the premises of his master, following the instructions of his master, in the course of his regular employment in the business of his master, and that the injury was received while so engaged in an effort to facilitate the business of one to whom he sustained a contractual business relation. See, in this connection, *Savannah &c. Ry. Co.* v. *Booth,* 98 *Ga.* 20 (25 S. E. 928); *Georgia Ry. & Power Co.* v. *Middlebrooks,* 34 *Ga. App.* 156 (128 S. E. 777); Railroad v. Ward, 98 Tenn. 123 (38 S. W. 727, 60 Am. St. R. 848). See also *Georgia Ry. & Power Co.* v. *Simms,* 33 *Ga. App.* 535 (126 S. E. 850).

(*a*) All agents are liable for their own tortious acts of misfeasance, but they are not liable for such acts of underservants employed by them· for and on behalf of their principal. Civil Code (1910), § 3613. As regards the liability of the Weekley Company, the provisions of the code section just cited with reference to the tortious acts of an underservant do not absolve it, since the agent is relieved of liability for such acts of the underservant only when the underservant is employed by the agent in its capacity as such, for and on behalf of its principal, and the principle of law by which the agent is thus relieved does not have application where it appears that the agent is an independent contractor, proceeding, even without the knowledge of the principal, to execute the work with its own servants and according to its own methods.

In view of the principles of law above set forth, the court erred in dismissing the action as against the Weekley Elevator Company.

*Judgment affirmed in part and reversed in part. Stephens and Bell, JJ., concur.*

## ON MOTION FOR REHEARING.

As we understand the contention of the movant in its motion for rehearing, exception is taken to the application of the doctrine quoted in the third division of the opinion, to wit, "One assisting the servants of another to facilitate his own business, or that of one to whom he sustains a contractual business relation, mutually beneficial, is not a volunteer," where, as here, it is assumed that the work for Miller, the plaintiff's master, was being done by the Weekley Elevator Company as an independent contractor. The motion states that "the court decided that the Weekley Elevator Company was an independent contractor in doing the work of repairs upon the elevator for the A. C. Miller Company, which owned the elevator. The court overlooked the fact that this work of repair was *not* the work '*of*' the A. C. Miller Company, but was simply work '*for*' the A. C. Miller Company." The motion further contends that the decision of the court is self-contradictory, in that it was decided "that the Weekley Elevator Company was an independent contractor, and in the teeth of this decides that the work being done was the work *of* the A. C. Miller Company. It decided that the Weekley Elevator Company was an independent contractor, and also decides that its mechanic could bind it by an unauthorized permission to Hughes to expose himself in the dangerous premises which were under the control of the Weekley Elevator Company for the purpose of being repaired; and this last decision is made in the very teeth of the undisputed evidence introduced by the plaintiff that no authority of any kind was ever given by the Weekley Company to Hughes, authorizing him to expose himself to this danger." As we construe the motion, it is thus urged that the doctrine above quoted from the *Davis* case could only have application when the work in which the injury to the servant was received was that *of* his master, and not merely *for* his master. As we see it, the argument would be just as effective if the Reliance Company were completely removed from the case, and the work was being done directly by the Weekley Company for the Miller Company. In point of fact, no stress or point seems to be made upon the fact that the Weekley Company was an independent contractor engaged in the work for the Miller Company under a contract with the Reliance Company and not under a contract with the Miller Com-

pany. The gist of the movant's argument would appear to be that as the Miller Company had not control over Ewing, the servant of the Weekley Company, operating as an independent contractor, in performing the work, Miller's direction or permission for the plaintiff to assist Ewing in the work would not bind the Weekley Company, just as the unauthorized acquiescence of Ewing himself would not have any such effect. As was stated in the original opinion, the plaintiff did not maintain his action on the theory that he was the servant of the defendant, Weekley Company, but solely on the theory that he was on the premises of his own master, where he had a right to be, following the instructions of his master, and that the injury was received while he was engaged in an effort to facilitate the business of his own master, with the knowledge and acquiescence of the defendant's servant in charge of the work and premises. It was for this reason, and not because Ewing had authority to employ the plaintiff as the servant of the Weekley Company, or because Miller had authority to employ him as the servant of the Weekley Company, that the plaintiff was held not to be a mere volunteer. The only relevancy of Ewing's acquiescence in the plaintiff's assistance lies in the fact that Ewing, as the servant of the defendant, had control of the premises for the purpose of doing the repair work, and that the known presence and exposure of the plaintiff might throw light upon the question of Ewing's negligence. If the principle quoted from the Davis case could have application only in cases where the servant was injured in the work of his own master, the doctrine would be dissolved into a meaningless statement having no force or effect whatever, since the very gist of the doctrine relates and pertains to a servant who is assisting the servant of another master to facilitate the business of his own master. If the work was the work of, and not merely work for, the injured servant's master, all persons engaged therein would be merely fellow servants of the same master, and there would be no room or scope for the application of the rule. So far as we are able to see, when the injured servant was assisting the servant of another master in charge of the premises, and acted to facilitate the business of his own master, it makes no difference whether the independent contractor whose servants he was assisting was the inde-

pendent contractor of the plaintiff's own master or that of a third person engaged in work for the benefit of his master.

*Rehearing denied.*