## DULION v. S. A. LYNCH ENTERPRISE FINANCE CORPORATION.

No. 6285.

Circuit Court of Appeals, Fifth Circuit.
Nov. 19, 1931.

Rehearing Denied Dec. 14, 1931.

Winfield P. Jones, of Atlanta, Ga., for appellant.

E. W. Moise, of Atlanta, Ga., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

On December 7, 1928, the appellant, by making affidavit and giving bond in the superior court of Fulton county, Ga., pursuant to provisions of Georgia statutes (Michie's Georgia Code 1926, §§ 5055, 5056) procured the issue of a writ of attachment commanding the seizure of property of the appellee. The attachment affidavit alleged that appellee is indebted to appellant in a stated sum in excess of $3,000, and that the debtor resides out of the state. On the same day the writ of attachment was executed by serving summons of garnishment. On December 12, 1928, before any declaration was filed by appellant, appellee filed in the superior court of Fulton county a petition for the removal of the cause to the court below on the ground of diverse citizenship. The state court accepted and approved the removal bond offered, and, on December 17, 1928, ordered the removal of the cause to the court below. A transcript of the record of the proceedings in the state court was filed in the court below on December 18, 1928. On January 19, 1929, the appellant filed in the court below a motion to remand the proceedings to the superior court of Fulton county, on the grounds, (1) that those proceedings consisting exclusively of the attachment sued out as above stated do not constitute a removable suit within the provisions of section 71 of title 28, United States Code (28 USCA § 71); and (2) that defendant had not pleaded, answered, or demurred within thirty days after the filing of the transcript in the court below. On January 26, 1929, the court below overruled the motion to remand, and allowed the appellant ten days from that date within which to file his declaration in the cause. Thereafter the appellant filed a declaration containing four counts. Upon the conclusion of the evidence introduced in a trial during the March, 1930, term of the court below, that court granted a motion for a nonsuit of counts 1, 2, and 4 of the declaration, and, upon the jury failing to agree upon a verdict as to count 3, ordered that a mistrial of the cause be declared. It does not appear from the record that the evidence given in the trial in which the motion for a nonsuit was granted was shown by a bill of exceptions allowed within the time permitted by law. The record in no way shows what that evidence was. In a trial of the cause on January 7, 1931, during the October term of the court below, the court declined to submit for the consideration of the jury the first, second, and fourth counts of the declaration after appellant had stated that he was prepared and proposed to sustain the same by competent evidence. Thereupon appellant tendered an amendment to the declaration by adding thereto counts 5, 6, and 7, which, respectively, were copies of counts 1, 2, and 4, which had been nonsuited as above stated. The court disallowed the proposed amendment.

The suing out of a writ of attachment for the enforcement of an alleged debt is a suit within the meaning of the statute (28 USCA § 71) providing for the removal of a "suit of a civil nature, at law or in equity"; the word "suit" being a comprehensive one, and applying to any proceeding in a court of justice whereby a remedy given by law for the enforcement of a claim or demand is sought. Cohens v. Virginia, 6 Wheat. 264, 407, 5 L. Ed. 257; Sewing Machine Companies Case, 18 Wall. 585, 21 L. Ed. 914. Though no declaration had been filed when the removal was applied for, being permitted to be filed during the term to which the attachment was returnable (Michie's Georgia Code, 1926, § 5102), the suit, shown by the attachment affidavit to be on a demand for money, was removable at the time the removal was applied for. Clark v. Wells, 203 U. S. 164, 27 S. Ct. 43, 51 L. Ed. 138; Courtney v. Pradt, 196 U. S. 89, 25 S. Ct. 208, 49 L. Ed. 398; Remington v. Central Pacific R. R. Co., 198 U. S. 95, 25 S. Ct. 577, 49 L. Ed. 959; Dulion v. Lynch Enterprise Finance Co., 40 Ga. App. 431, 149 S. E. 812. In such a case as the instant one the levy of the attachment is the commencement of the suit. Fincher v. Stanley Electric Mfg. Co., 127 Ga. 362, 364, 56 S. E. 440. The provision of the statute (28 USCA § 72) with

reference to the party removing the cause, within thirty days after entering in the court to which it is removed a certified copy of the record in such suit, pleading, answering, or demurring to the declaration or complaint in said cause, evidently applies to a removed cause in which a declaration or complaint had been filed when the certified copy of the record therein was required to be filed in the court to which the cause was removed. The language of that provision does not indicate that it was intended to have such effect as to require a removing party to plead, answer, or demur to a declaration or complaint before such declaration or complaint is filed or is by law required to be filed. It does not require the removing party to plead, answer, or demur to a declaration or complaint before any declaration or complaint in the cause is in existence. We conclude that the court did not err in denying the motion to remand.

■ Under the conformity statute (28 USCA § 724), a federal court held in a state may grant a nonsuit pursuant to a statute of the state on the subject. Coughran v. Bigelow, 164 U. S. 301, 17 S. Ct. 117, 41 L. Ed. 442; Central Transportation Co. v. Pullman's Palace-Car Co., 139 U. S. 24, 11 S. Ct. 478, 35 L. Ed. 55. A Georgia statute authorizes the granting of a nonsuit "if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover." Michie's Georgia Code, 1926, § 5942. The decision in the case of Slocum v. New York Life Insurance Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, did not overrule and is not inconsistent with the decisions in the two just cited cases. Nothing contained in the opinion in the Slocum Case indicates that the right of trial by jury is infringed by a court, in the course of a trial by jury, after the evidence has been introduced, passing on the preliminary question whether there is any evidence upon which the jury properly may find a verdict for the plaintiff, and, upon reaching the conclusion that there is no such evidence, instructing the jury accordingly, or granting a nonsuit if the last-mentioned action is in conformity with the law of the state in which the court is held. It was contended in argument for the appellant that a nonsuit which does not dispose of all the counts of a declaration is not permitted by the law of Georgia. No Georgia decision to this effect has been called to our attention. Decisions to the effect that a nonsuit cannot be granted as to part of a count or part of a declaration containing only one count are not pertinent. Georgia decisions show that counts of a declaration containing more than one count may be dealt with separately, and that one of several counts may be eliminated by an order of nonsuit if there is no evidence supporting it. Armstrong v. Penn, 105 Ga. 229, 31 S. E. 158; Mitchell v. Southern Ry. Co., 23 Ga. App. 195, 98 S. E. 184. It was within the power of the court to grant a nonsuit of less than all the counts of the declaration. The record not showing what evidence was before the court when the order of nonsuit in question was made, it is to be presumed that that evidence was such as to warrant the making of that order. A result of an order of nonsuit is that the subject of it, whether the whole case or one or more counts or divisible causes of action, is no longer before the court. Harris v. Hines, 59 Ga. 427; 18 Corpus Juris, 1207. It follows that the court did not err in refusing to sustain appellant's claim, made in the trial during the October, 1930, term of the court, that he had a right of trial by jury on the allegations of the three counts of the declaration which had been eliminated from the case by the order of nonsuit made during a prior term of the court.

■ It was in the discretion of the court to refuse to allow the proposed amendment of the declaration having the effect of reintroducing into it the three counts which at a former term had been disposed of by the order of non-suit. Royal Insurance Co. v. Miller, 199 U. S. 353, 26 S. Ct. 46, 50 L. Ed. 226; 28 USCA § 777.

The record showing no reversible error, the judgment is affirmed.