26097, 26098.  GAY, receiver, *v.* OSTEEN; and *vice versa.*

DECIDED MAY 26, 1937. ADHERED TO ON REHEARING, JULY 26, 1937.

228

*Hilch, Denmark & Lovett,* for Gay, receiver.

*Shelby Myrick,* contra.

FELTON, J. (After stating the foregoing facts.)

1. In a suit brought by an employee of a railway company for damages for personal injury, wherein it is alleged that the employee was injured in a yard of the defendant used for the purpose of storing and switching freight-cars and in making up freight-trains which were composed of loaded and empty freight-cars intended for both intrastate and interstate commerce, where the evidence fails to show that the employee was engaged in interstate commerce at the time he was injured, the Georgia employers' liability act governs, and not the Federal employers' liability act. The defendant in error, in his original brief, insisted that the court had to apply the Georgia law, for the reason that it was not even alleged in the petition that the employee was engaged in interstate commerce at the time he was injured, and that the evidence did not show that he was so engaged. He committed himself to the proposition that the suit was brought under the State law. We agree with him on this point in so far as the evidence is concerned. Our opinion is that the evidence fails to show that the employee was engaged in interstate commerce at the time of

his injury. If all the cars on side-track number *two* were intrastate cars, the fact that other cars on other tracks were destined to go out of the State would not render the inspection of the intrastate cars interstate commerce. In determining this question the train being made up on each track is taken as a separate unit. See *Southern Railway Co.* v. *Murphy*, 9 *Ga. App.* 190 (70 S. E. 972); *Charleston & Western Railway Co.* v. *Anchors*, 10 *Ga. App.* 322 (73 S. E. 551); *Hardy* v. *Atlanta & West Point Railroad Co.*, 20 *Ga. App.* 303 (93 S. E. 18); *Mitchell* v. *Southern Railway Co.*, 23 *Ga. App.* 195 (93 S. E. 18); Van Brimmer *v.* Texas & Pacific Railway Co., 190 Fed. 394. In order to show engagement in interstate commerce it is necessary that one or more of the cars on track two were destined for a point or points without the State.

2. On application of the State law to the evidence adduced, we are of the opinion that the plaintiff was not entitled to recover. His duty was to stand between the tracks of the railroad yard and inspect and check the cars in the nighttime. He was charged with knowledge that he was in a dangerous place, especially at night. He testified that he had a lantern under one arm, a pencil in one hand, and a book in the other, and sought to catch the numbers off the cars and put them in his book while they were moving. Even if his efforts to check one car while moving was not dangerous, certainly the effort to check a second moving car one track removed was, when another moving car was coming towards him at the time. He also had to inspect the brakes on the cars and couple them together. He had to do this while they were standing still. It seems that he could just as easily have checked the cars after they had come to a standstill. It is obvious that this servant could have performed his task in a much safer manner than the one he chose, and his failure to do so can not be excused by the greater ease and convenience of the less safe method. Under the repeated rulings of our courts, the selection of the unsafe or dangerous method of performing his work when a reasonably safe method is apparent, will bar a servant's right of recovery in the event he is injured. Where an employee is confronted with two methods of performing his work, the one safe and the other dangerous, he owes a positive duty to his employer to pursue the safe method, irrespective of the degree of

danger which may be involved in the unsafe method; and any departure from the path of safety which lies before him will prevent his recovery in the event he is injured. *Central of Georgia Railway Co.* v. *Mosely,* 112 *Ga.* 914 (4) (38 S. E. 350); *Southern Railway Co.* v. *Harbin,* 110 *Ga.* 808 (36 S. E. 218); *Western & Atlantic Railroad Co.* v. *Michael,* 42 *Ga. App.* 603 (4) (157 S. E. 226); *Quironet* v. *Alabama Great Southern Railroad Co.,* 111 *Ga.* 315 (36 S. E. 599); *East Tennessee, Virginia & Georgia Railway Co.* v. *Head,* 92 *Ga.* 723 (18 S. E. 976).

3. The court did not err in refusing to allow the defendant's amendment which sought to plead as a set-off the amounts paid to the plaintiff for medical and hospital bills and for lost time, as set forth in the original plea. And it was error to refuse to strike that portion of the plea which showed the voluntary payments by defendant. The suit was not for doctors' bills or hospital bills, but was for a decrease in earning power only from the time of the filing of the suit and not from the time of the injury. The expenditure of the money by the railroad was voluntary, and it could not recover it directly or indirectly.

4. Where it was alleged in the answer, that, following its usual policy, the defendant furnished such treatment and payments to the injured employee without admitting any liability for any injuries, and the demurrer to that portion of the answer was overruled, it was error for the court not to allow the defendant to prove that the payments were made and treatment furnished in pursuance of its policy of so doing without any admission of liability. *Pierpont Manufacturing Co.* v. *Savannah,* 153 *Ga.* 455 (112 S. E. 462); *Hicks* v. *Revels,* 142 *Ga.* 524 (83 S. E. 115); *Turner* v. *Willingham,* 148 *Ga.* 274 (2) (96 S. E. 565); *Southern Bell Telephone & Telegraph Co.* v. *Glawson,* 140 *Ga.* 507, 509 (79 S. E. 136); *Hughes* v. *Weekley Elevator Co.,* 37 *Ga. App.* 130 (138 S. E. 633).

5. It was error, especially in view of the preceding paragraph, to permit the plaintiff's counsel to argue to the jury that the voluntary payments to plaintiff were evidence of defendant's liability.

6. The testimony of the plaintiff, admitted over objection, to the effect that he made a statement to two fellow employees, a week or two after his injury, as to how he was hurt, was inad-

missible. The statement was not in rebuttal of testimony of any witness testifying to the contrary, and not in the presence of the defendant or some person authorized to represent him, under circumstances where a failure or refusal to deny the statement would amount to an admission of its truthfulness. Such a statement was nothing more than a self-serving declaration, and the fact that the defendant contended that the plaintiff stated to others that he was hurt in a different way from the way the defendant claims he stated to other and different people would not alter the fact.

7. The same ruling applies to a statement made to the receiver a considerable length of time after the injury. The plaintiff can not build up his case by statements or claims to the opposite party, unless they are a part of the res gestæ, or come under some other exception to the rule; and no exception appears in this case. See *Mineola Mill Co.* v. *Griffin,* 18 *Ga. App.* 668 (2) (90 S. E. 360).

8. It was error for the court to submit to the jury the question whether the plaintiff could recover on the second count, for the reason that the evidence failed to authorize a verdict on that count. The only testimony to the effect that the brake-shoe was negligently allowed to remain on the tracks was by a witness who testified that he found a brake-shoe at approximately the place where the plaintiff was injured, four days after the injury, and that from the amount of rust on it he would say it had been off the car about thirty days.

There is no merit in any of the other assignments of error.

*Judgment reversed on both bills of exceptions. Sutton, J., concurs. Stephens, P. J., concurs in all except the ruling in division 2.*

ON REHEARING.

FELTON, J. The judgment of the court being adhered to on rehearing, the foregoing amended opinion is hereby substituted for the original opinion.

*Judgment adhered to on rehearing as to main bill of exceptions, and reversed on the cross-bill.*