### 30981. DENTON *v.* ETHERIDGE.

222

*W. Owen Slate, W. F. Buchanan, Homer C. Denton,* for plaintiff in error.

*Augustine Sams, Paul S. Etheridge Jr.,* contra.

Sutton, P. J.   H. A. Etheridge, an attorney at law, brought suit to the September term, 1943, of the city court of Decatur against Homer C. Denton, also an attorney, for $7500 and interest, claimed to be due him as associate counsel on a fee arising out of an alleged verbal contract between them.

The material facts alleged in the petition are:   The plaintiff entered into a verbal agreement with the defendant, on or about February 15, 1942, whereby the plaintiff was to receive one-half of a 25 percent contingent fee to be charged by Denton to his client, Mrs. A. C. Belcher, in legal proceedings to set aside a will, over and above the fee allowed Denton in a pending year's-support proceeding, a copy of said agreement being attached to the petition as exhibit A; that the plaintiff, jointly with the defendant, investigated the law applicable to the cause and the bill of the said Mrs. Belcher which was presented to the court in her behalf; that the plaintiff first determined and suggested to the defendant that Mrs. Belcher would be entitled to the entire estate of her deceased husband, and that it could be recovered in her behalf; that the defendant, acting upon this information, filed a bill in the superior court of Fulton County, in which the plaintiff participated; and the plaintiff will further show that he fully complied with the terms of said agreement with the defendant; that the case was argued by him and the defendant before Honorable E. E. Pomeroy, and terminated successfully in favor of the said Mrs. Belcher; that as a result of said litigation she has received, as the plaintiff alleges and charges upon information and belief, the sum of $62,000 in excess of a year's support; and under said contract the plaintiff is entitled to

one-half of a contingent fee of 25 percent of the above-stated sum, the defendant having received all or substantially all of said contingent fee from the said Mrs. Belcher; that the defendant has failed and refused to pay to the plaintiff one-half of said fee in accordance with said agreement, but has sent to the plaintiff only the sum of $200, which has been credited upon said claim, and the balance has been demanded of the defendant and refused.

Exhibit A, attached to the petition, is as follows: "Georgia, Fulton County. This agreement between Homer C. Denton, of the one part, and H. A. Etheridge, of the other part, witnesseth: That the said Denton is the attorney at law of Mrs. A. C. Belcher, and as her attorney caused a year's support of $12,500 to be set apart to her in Fulton court of ordinary, to which a caveat has been filed by the executor of the will, and the same is now pending. By the approval and consent of said Denton, the said Etheridge effected an agreed compromise and settlement of said matter by getting the residuary devisees, the Tabernacle Baptist Church of Atlanta and the Georgia Baptist Orphans' Home, to consent to the allowance and payment of said year's support, for which said Denton promised him $200 out of his fee for procuring said year's support. Only two days before the time set and agreed for signing the papers consummating said compromise and settlement, the said Etheridge suggested to said Denton that it might not be too late to assert and invoke the invalidity of the devise to the said church and home, in view of the statute of mortmain which forbids a testator as against wife and children to give more than one-third of his estate to charitable, educational, or religious institutions. By investigation said Etheridge found that the right to attack said residuary devise as void had not been lost or precluded by allowing the will to be probated in solemn form, and he so advised the widow, and stated to her that he thought under the circumstances he should be associated in the case with her attorney, H. C. Denton, from now on. She expressed herself as being of the same opinion. After this, Denton had an interview with his said client and then made the following statement to said Etheridge: I have had a talk with Mrs. Belcher since you were out there the other night. It must be understood that I am her attorney; this is my case, and she is my client. She is willing to have me associate in the case any counsel that I may desire. I have decided to insist on the year's

support as it stands, although it will be payable out of her own property under the law that we are now invoking. Out of the fee that I will get under my contract relating to same, I will pay to you, Mr. Etheridge, the $200 as promised, and I am willing to divide equally with you whatever amount may in the future be realized above the year's support, as to which I have a contract with Mrs. Belcher for 25 percent of the recovery on a contingent basis. Now, the purpose of this paper between the said Denton and the said Etheridge is to put in writing the matter as above agreed upon. It is further agreed on the part of the said Denton that he will pay over said fees to Mrs. Bessie R. Etheridge, the wife of said H. A. Etheridge, the said H. A. Etheridge having assigned to her the compensation coming to him in the above-stated matter. Witness the hand and seal of each party hereto."

The petition was later amended to the effect that no written or oral assignment had been made to Mrs. Bessie R. Etheridge, as provided in said exhibit.

To the petition thus amended the defendant filed a general demurrer on the ground that no cause of action was set forth. The demurrer was overruled, and the defendant excepted pendente lite and assigns error thereon. The defendant filed his answer, denying in toto that any agreement, verbal or otherwise, existed between himself and the plaintiff employing the plaintiff as associate counsel in attacking certain residuary devises in the will of A. C. Belcher and in filing a bill seeking to set the will aside; but admitting the payment of a fee of $200 to the plaintiff on a separate and distinct matter not connected with the alleged contract referred to.

During the trial the defendant offered an amendment to his answer, to the effect that the actions of the plaintiff in undertaking to procure said contract of employment as associate counsel in the case and in urging upon Mrs. Belcher to file a suit attacking the validity of the residuary devises was in violation of the law prohibiting barratry, and that by reason thereof the plaintiff could not legally insist on the alleged contract with defendant. The proffered amendment to the answer was disallowed by the court, and the defendant excepted pendente lite and assigns error thereon. The case proceeded to trial, and the jury returned a verdict for the plaintiff in the sum of $4075 and $516.31 interest. The defendant filed a motion for new trial, on the usual grounds and ten

special grounds, which was overruled, and the defendant excepted.

■ The petition set out a cause of action, and the court did not err in overruling the defendant's general demurrer thereto. The amendment offered by the defendant to his answer was germane and conformed to the evidence that had been introduced, and the court erred in disallowing the amendment.

■ Special ground 4 assigns error on the admission in evidence, over objections by the defendant's counsel, of a purported duplicate of the alleged oral agreement, exhibit A, between the plaintiff and the defendant, upon the grounds that: (1) it does not appear to be an agreement, only a proposed agreement between Etheridge and Denton; (2) it is not dated and not signed by either party; and the plaintiff in error contends that the admission of this document was hurtful to him and misleading to the jury and confused their minds as to whether this document was the agreement between the plaintiff and the defendant, and was calculated to cause the jury to believe that the court considered it to be the agreement between the parties; and further that the purported agreement was merely a self-serving declaration, and was without consideration.

It appears from the writing objected to that there were two blank lines for the parties to sign on, and it also appears from the plaintiff's testimony that he expected the contract to be signed by both parties. It was said in *Clarke Bros.* v. *McNatt*, 132 *Ga.* 610 (1a) (64 S. E. 795, 26 L. R. A. (N.S.) 585) : "Where a contract on its face provides or shows that the parties intended for both to sign before it takes place, it is not complete until both do so. . . . If the parties come to an agreement as to terms, but with the intention that their agreement is to be reduced to writing, and that they are not to be bound until this is done, there is no contract until the writing is drawn up and assented to by both as their agreement. . . The question is whether they intend legal consequences before the formal written evidence of their agreement is executed. If they do not, there is no contract until this is done; but, if they do intend to be bound without regard to the writing, there is a contract. The question is one of fact; but the circumstances that they do intend a subsequent writing to be drawn up is said to be strong evidence that they do not intend to be bound by the preliminary agreement." Clark on Contracts (3d ed.) 52,

53. "As has already been mentioned, the fact that the parties intended to embody the terms of their contract in a formal written agreement is strong evidence that the negotiations prior to the drawing up of such writing are merely preliminary and not understood or intended to be binding." Elliott on Contracts, vol. 1, § 63. Code, § 20-108, declares: "The consent of the parties being essential to a contract, until each has assented to all the terms the contract is incomplete." "A contract resting in parol must be assented to by both parties in the same sense. Mutual assent is assent to the same thing in the same sense, under a common understanding of the stipulations agreed to." *Martin* v. *Thrower, 3 Ga. App.* 784 (5) (60 S. E. 825). See, also *Dillin-Morris Co.* v. *Gillespie,* 15 *Ga. App.* 210 (82 S. E. 812); *Milner Hotels Inc.* v. *Black,* 196 *Ga.* 686 (27 S. E. 2d, 402). "In order that there may be an agreement, the parties must have a distinct intention common to both and without doubt or difference. Until all understand alike, there can be no assent, and therefore no contract. Both parties must assent to the same thing in the same sense, and their minds must meet as to all the terms. If any portion of the proposed terms is not settled, or no mode is agreed on by which it may be settled, there is no agreement." 17 C. J. S. 359, § 31. See *Weill* v. *Brown,* 197 *Ga.* 328, 332 (29 S. E. 2d, 54).

In passing on the objections to the admissibility of the alleged copy of the verbal agreement, the court said, "Well, I will let it go in, and I will charge the jury with reference to it." The only reference made thereto in the charge was: "Simple contracts may be either in writing, or rest only in words as remembered by witnesses. . . The first question you would decide and would determine from all the evidence in the case, both oral and documentary, whether or not there was a contract between the plaintiff and the defendant." The duplicate copy of the unsigned agreement was not admissible in evidence as a written contract between the parties, but was admissible only for the purpose of corroborating the plaintiff as to what he contended the alleged oral contract to be; and its application should have been so limited by the court when he admitted this writing in evidence over the objections of the defendant, or the judge should have properly instructed the jury in his charge, thus limiting the same in its application in the case. It was reversible error to admit this writing in evidence

without properly limiting its application. 20 Am. Jur. § 264.

■ Special ground 5 complains that the court erred in the admission in evidence, over objections of the defendant, of a certain letter from Etheridge to Denton, upon the grounds that: (1) it was a self-serving declaration; (2) it was an offer to compromise between the parties as to employment; (3) it was a recapitulation in writing of the plaintiff's testimony. It is further contended that the admission of the letter was hurtful and prejudicial, in that it was calculated to and did mislead the jury on all issues in the case, that it was a conglomeration of irrelevant matters and confusing to the jury, and that it was argumentative in character and without probative value. The lengthy letter in question summarized in detail the contentions of the plaintiff, and was a recapitulation of his oral testimony as to the extent of his activity in prevailing upon the residuary legatees, the Baptist Tabernacle and the Orphans Home, not to file a caveat to the application of the widow for a year's support, and for legal services performed by him in conjunction with the defendant in conferences and argument in the superior court of Fulton County in setting aside the will of A. C. Belcher under the statute of mortmain, claimed to have been discovered and submitted to Denton by Etheridge and Mrs. Belcher for the purpose of invalidating the will—the discovery of which by the plaintiff was not admitted by the defendant. The letter was dated February 3, 1943, approximately a year after the alleged verbal agreement between the parties was made; and it contained numerous self-serving declarations.

It was said in *Muller Mfg. Co.* v. *Benton, 137 Ga.* 411, 415 (73 S. E. 669): "Mere statements in letters of the plaintiff's understanding of the contract and demands by it on the defendant . . could not create any liability on the part of the defendant in the absence of anything to show that the defendant made any further statements or agreements on his part." "Generally, a party can not make evidence for himself by his own declarations, and it is a well-established general rule that a statement of a party, whether oral or written, which is of a self-serving nature is not admissible in evidence in his favor." 31 C. J. S. 948, § 216. "The plaintiff can not build up his case by statements or claims to the opposite party, unless they are a part of the res gestæ, or come under some other exception to the rule; and no exception

appears in this case." *Gay* v. *Osteen,* 56 *Ga. App.* 224, 231 (7) (192 S. E. 539). See *McCord* v. *McCord,* 140 *Ga.* 170, 173 (78 S. E. 833). An unanswered letter containing the writer's argumentative presentation of his view of his rights and grievances is a declaration in his own behalf and inadmissible in his favor. The letter in question was highly prejudicial to the defendant, and the court erred in admitting it in evidence, over the objections of the defendant.

■ Special grounds 6 and 7 complain that the charge of the court stating the contentions of the parties was incorrect, misleading, and prejudicial to the defendant, and was not authorized by the pleadings or the evidence, as to the employment of the plaintiff. These grounds of the motion are without merit and show no error.

■ Special ground 8 complains that the court erred in failing to charge that the burden was on the plaintiff to prove by a preponderance of the evidence that he had performed the services set out in the alleged contract, which the defendant denied. The court charged: "The law requires that the plaintiff show by a preponderance of the evidence in the case that the allegations he makes are true except the allegations which are admitted by the defendant;" and then the court charged fully what was meant by the preponderance of the evidence. This assignment of error is without merit.

■ Special ground 9 assigns error upon the alleged failure of the court, at the outset of his charge, to charge in more detail than the following instruction given to the jury: "The law says that a contract is an agreement between two or more parties for the doing or not doing of some specified thing. Simple contracts may be either in writing, or rest only in words as remembered by witnesses. Parol contracts, under this Code, shall include the latter." The movant contends that the court should have charged: "A contract, resting in parol, must be assented to by both parties in the same sense. Mutual assent is assent to the same thing, in the same sense, under a common understanding of the stipulations agreed upon." There was no written request by the plaintiff in error to charge the principle of law omitted. After the jury had returned to the courtroom, they requested that the court read again the portion of law defining contracts, and the court did so

and in addition gave the following: "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject-matter upon which it can operate." This ground of the motion is without merit.

■ It is alleged in special ground 10 that the court erred in failing to give in charge to the jury the following timely written request: "If a person testify in his own behalf, and there are material conflicts and contradictions in his testimony, he is not entitled to recover, if he be the plaintiff, unless that portion of his testimony which is least favorable to his contention is of such a character as to authorize a recovery in his behalf." This request contained a correct principle of law, and, under the facts, should have been charged.

■ Special grounds 11, 12, and 13, which complain of the failure to give in charge to the jury certain requests therein set out with respect to barratry, illegal practice of law, and inability to recover on an illegal contract, do not show error. Special ground 11 was incorrect, in that it embraced the Code, § 9-9902, which was not applicable. Special grounds 12 and 13 are incomplete, in that they fail to show that the principles therein requested were not covered by the charge given to the jury, and special ground 11 is incomplete for the same reason.

■ The court erred in disallowing the amendment to the defendant's answer and in overruling the motion for new trial for the reasons stated in divisions 2, 3, and 7 of the opinion.

*Judgment reversed. Felton and Parker, JJ., concur.*

FELTON, J., concurs in the judgment and all of the opinion except division 8.