## 42230. BERRY v. DINSMORE.

JORDAN, Judge. 1. Plaintiff brought this suit to recover for personal injuries sustained when the defendant's vehicle allegedly struck her as she walked along a sidewalk at the entrance to a parking lot. Plaintiff sought damages in the amount of $42,500 and after verdict in her favor in the amount of $1,761 she moved for a new trial which was denied. Ground 2 of the amended motion complains that the trial court erred

in admitting the testimony of a witness that "maybe ten minutes" after the accident the defendant told him that "he said he did not feel her. He didn't think he had hit her."

The self-serving declaration of a party is not admissible in evidence unless it is a part of the res gestae or comes within some other exception to this general rule. *Denton v. Etheridge*, 73 Ga. App. 221 (3) (36 SE2d 365). Under the circumstances surrounding this statement, we do not think it was a part of the res gestae. While the mere question of lapse of time is not controlling, the real test is: Was the declaration a part of the occurrence to which it related, or a mere narrative concerning something which had fully taken place and had therefore become a thing of the past? *Western & A. R. Co. v. Beason*, 112 Ga. 553, 557 (37 SE 863). In the absence of injury or shock to the party making the statement and with it coming some 10 minutes after the incident, this statement does not meet the test of an "excited utterance" so as to bring it within the res gestae but was a mere narrative explaining his version of what had fully taken place and become a "thing of the past."

Counsel for defendant further contends the statement was admissible for the purpose of impeaching the testimony of a witness for the plaintiff who said the defendant told him soon after the accident that "I hit her, I didn't see her, the sun was in my eyes." An examination of the testimony of this witness in the transcript reveals that he did not quote the defendant as having said that he hit the plaintiff but only "he was sorry that it happened, he said he didn't see her because the sun was in his eyes." Since there was no contradiction in the testimony of the two witnesses, the statement under consideration was not admissible for the purpose of impeachment.

Counsel for defendant further contends that even if such self-serving declaration was improperly admitted, it was harmless error since the jury rendered a verdict in favor of the plaintiff. It is true that an error of law relating solely to the defendant's liability is rendered harmless by a verdict for the plaintiff, *unless it was such as might have influenced the jury to reduce the amount that the plaintiff was entitled to recover. Brown v. Service Coach Lines*, 71 Ga. App. 437 (8) (31 SE2d 236), citing *O'Quinn v. Douglas, A. & G. R. Co.*, 7 Ga. App. 309 (66 SE 810). We think the self-serving

declaration here under consideration relates not only to the defendant's liability but if believed by the jury would tend to mitigate the amount of damages she was entitled to recover. In view of the court's charge on contributory negligence and comparative negligence, the jury might well have concluded that the plaintiff was merely frightened and that her injuries were partially her fault in attempting to avoid the defendant's negligence, thereby reducing her damages under the comparative negligence rule.

We conclude that the testimony did not come within any exception to the rule against its admissibility and that the trial court erred in admitting this testimony.

2. The trial court did not err in admitting certain evidence over plaintiff's objection that the evidence was "irrelevant and immaterial"; this objection was too general to present anything for consideration. *Greyhound Bus Corp. v. Clough,* 211 Ga. 574 (2) (87 SE2d 387); *Lanier v. Lee,* 111 Ga. App. 876 (1) (143 SE2d 487).

3. There are two reasons why this court cannot consider the enumeration of error in the admission of certain documentary evidence over plaintiff's objections: (a) No documentary evidence or description of documentary evidence is included in the transcript of proceedings transmitted with the record to this court. The clerk of the trial court has certified that the record transmitted "all together constitutes the entire record on appeal, as appears from the files and records in this office." In view of this certificate the presumption is that no documentary evidence was admitted. (b) If, however, as a matter of fact documentary evidence of this nature was admitted the plaintiff has failed to furnish a transcript including the evidence. See *Davis v. Davis,* 222 Ga. 579 (151 SE2d 123); *Avera v. G. A. C. Finance Corp.,* 113 Ga. App. 509 (148 SE2d 662); *Adams v. Chapman,* 115 Ga. App. 7.

*Judgment reversed. Eberhardt, J., concurs. Hall, J., concurs in Divisions 1 and 2 and in the judgment.*

ARGUED SEPTEMBER 6, 1966—DECIDED FEBRUARY 17, 1967.

*Wilson, Branch, Barwick & Wilcox, Thomas S. Bentley, John E. Talmadge,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, Spearman, Bynum & Goodwin, W. L. Spearman,* for appellee.