63024, 63025. GEORGIA POWER COMPANY v. FOSTER WHEELER CORPORATION; and vice versa.

SHULMAN, Presiding Judge.

The parties to these appeals entered into a contract pursuant to which Foster Wheeler was to construct certain portions of a new

generating plant for Georgia Power. One portion of Foster Wheeler's work caught fire and was severely damaged. The parties entered into a second contract under which Foster Wheeler was to replace and repair the damaged portion of the facility and Georgia Power was to pay a new and separate consideration. Both parties complied fully with that second contract. Subsequently, Georgia Power brought suit against Foster Wheeler for all the damage caused by the fire, alleging that the fire was the result of the negligence of Foster Wheeler employees. The measure of damages asserted was the cost of repairs. At trial, Foster Wheeler sought and received a partial directed verdict, removing from jury consideration that portion of the repair costs previously paid to Foster Wheeler. In seven enumerations of error, Georgia Power seeks a reversal of the directed verdict. In the cross appeal, Foster Wheeler complains of the denial of a motion to dismiss and of a jury instruction regarding admissions.

1. The basis on which the directed verdict was granted was that Georgia Power was trying indirectly to recover from Foster Wheeler the payments voluntarily made under the second contract, a recovery prohibited at common law and under statute in Georgia. Code Ann. § 20-1007. Georgia Power argues that the payments were not voluntary; that it was not seeking to "recover back" the payments made under the second contract, but only to recover for tort damages; that application of the doctrine of voluntary payments to a case such as this would prevent mitigation of damages; and that application of the doctrine would produce various absurd results. We find none of those arguments persuasive.

The evidence shows without dispute that Georgia Power chose to hire Foster Wheeler to make the repairs solely for Georgia Power's convenience, in the interests of quick completion, and because Foster Wheeler had done a good job in the first place. There is no evidence that Georgia Power was under any compulsion or duress to hire Foster Wheeler. Under those circumstances, a denial that the payment to Foster Wheeler was voluntary amounts to sophistry.

Georgia Power's argument that it is not seeking to recover back the funds paid to Foster Wheeler under the second contract is equally without merit. The particular item of damages involved in the directed verdict is precisely what Georgia Power paid to Foster Wheeler; that it was paid under a contract and is sought now as an item of recovery in a tort action does not change the fact that Georgia Power is trying to recover the same amount it paid to Foster Wheeler. The prohibition against recovering back voluntary payments is not avoided by doing it indirectly rather than directly. *Gay v. Osteen,* 56 Ga. App. 224 (3) (192 SE 539).

We fail to see how application of the voluntary payment doctrine

to this case will in any way affect the rule that one must mitigate his damages. Georgia Power's attempt to characterize the hiring of Foster Wheeler as an effort to mitigate the damages strains credulity; one can hardly be expected to mitigate one's damages by hiring, to make repairs, the very party whose negligence the injured party asserts caused the damages in the first place.

In consideration of all the circumstances of this case, we find no fault with the trial court's application in this case of the rule that one may not recover voluntary payments. Georgia Power has not convinced us that the payments were not voluntary, that the doctrine is inapplicable, that it was not seeking the recovery of the money paid under the second contract with Foster Wheeler, or that any undesirable changes in established rules of law will result from this holding. The grant of a partial directed verdict to Foster Wheeler has not been shown to be error.

2. In its cross appeal, Foster Wheeler has argued that the trial court erred in denying its motion to dismiss under the real party in interest rule. That argument is based on Foster Wheeler's contention that the insurance companies which insured Georgia Power are the real parties in interest because they paid Georgia Power for all its damages. Essential to that contention is the invalidity of the "loan receipt" executed by Georgia Power, characterizing the payment as a loan. For a discussion of loan receipts and their treatment in Georgia law, see *American Chain & Cable Co. v. Brunson,* 157 Ga. App. 833, 834, (278 SE2d 719).

The reasons advanced by Foster Wheeler in support of its contention that the loan receipt here was invalid are that it was an obvious sham since Georgia Power did not even try to recover as much as the insurers paid, making it impossible under the terms of the loan receipt for Georgia Power to realize anything from the litigation, and that insurance companies are now forbidden by statute from investing funds which will not earn interest. We find neither argument compelling.

The record shows that the insurers paid Georgia Power approximately $707,000. The evidence introduced at trial showed damages, and theoretically would have authorized recovery, in an amount less than $700,000. However, the complaint sought a recovery of $710,000. We are not willing to hold that the inability of a party to prove its damages in the amount named in the pleading shows, as a matter of law, that the party never intended to recover the amount sought in the complaint. It does not appear to a certainty, therefore, that Georgia Power had no financial interest in the outcome of this litigation. That being so, we find no error in the trial court's refusal to rule that Georgia Power was not the real party in interest.

Foster Wheeler's argument concerning the legality of the loan evidenced by the loan receipt depends on Code Ann. § 56-1003 (1): "No security or investment . . . shall be eligible for acquisition unless it is interest bearing or interest accruing or dividend or income paying . . ." That statute, Foster Wheeler asserts, makes the interest free loan evidenced by the loan receipt in this case illegal. Since the advance of funds could not be a loan, cross appellant argues, it must have been a payment, making the insurers, not Georgia Power, the real party in interest.

The fatal flaw is that the loan in this case is neither a security nor an investment within the meaning of Code Ann. § 56-1003 (1). It is merely an advance of money prior to the final determination of the insurer's liability under the policy it has issued to the insured. If it develops that the insured cannot recover from any tortfeasor, the insurer can simply forgive the loan, thereby meeting its obligation to its insured. We see no reason why the parties to that loan cannot contract in advance to accomplish that result. Since the loan in this case is not forbidden by § 56-1003 (1), Georgia Power remained the real party in interest and the trial court was correct in denying Foster Wheeler's motion to dismiss.

3. Cross appellant's second enumeration of error concerns the trial court's instruction to the jury with regard to the care with which they should view admissions. Foster Wheeler's complaint is that a witness for Georgia Power made a solemn admission in judicio and the trial court's instruction deprived Foster Wheeler of the benefit of the estoppel raised by such an admission. See Code Ann. § 38-114. We do not agree, however, that the testimony to which Foster Wheeler refers was an admission of any kind. The essence of the testimony was that the witness, the agent of Georgia Power who negotiated the second contract with Foster Wheeler, was not of the opinion at the time he negotiated the second contract that Foster Wheeler had been negligent. That expression of an opinion did not amount to an estoppel within the scope of Code Ann. § 38-114 and did not demand a charge on admissions in judicio. Neither was the charge given harmful error: if there were no admissions to which it applied, Foster Wheeler got the benefit of a charge to which it was not entitled. For those reasons, we find no ground for reversal of the judgment of the court below.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED MARCH 2, 1982 —
REHEARINGS DENIED MARCH 15 AND MARCH 19, 1982 —

*Leland G. Cook,* for appellant.
*Eileen Crowley, Burt DeRieux,* for appellee.