KNOWLES *v.* CENTRAL OF GEORGIA RAILWAY CO.

The owner of a bridge is not liable in damages to one who is injured by falling therefrom in consequence of his having negligently put the bridge to a use for which it was not intended, it appearing that but for such improper use of the bridge the plaintiff would not have been injured.

Argued October 5, — Decided October 29, 1903.

Action for damages. Before Judge Felton. Bibb superior court. March 3, 1903.

*John R. Cooper* and *Marion W. Harris*, for plaintiff.
*Hall & Wimberly* and *J. E. Hall*, for defendant.

CANDLER, J. Across a bridge for pedestrians in the city of Macon, owned and maintained by the Central of Georgia Railway Company, there ran a " large pipe, used for water or other purposes by the water company." This pipe was enclosed in a wooden box for the entire length of the bridge. The box was about two feet wide across the top, and about one foot distant from a railing which ran along the edge of the bridge. The plaintiff, while crossing the bridge, stopped and sat down on the box to rest. While thus resting himself, he leaned back, intending to recline against the railing of the bridge, " when he suddenly went backward and downward through an opening in the railing," and sustained injuries described. It was alleged that the railroad company had negligently failed to keep the bridge in repair, and that the main horizontal plank of the railing had rotted and fallen away ; and to this alleged negligence the plaintiff's injuries were ascribed. The petition, of which the foregoing is the substance, was dismissed on demurrer, and the plaintiff excepted.

We have no difficulty in sustaining the ruling of the trial judge. The box was not made to sit on, but to cover the water-pipe ; and while the company owed a duty to the public to keep the bridge in reasonably safe condition for pedestrians, it was not bound to anticipate that weary citizens would use the box and the railing as a reclining-chair. · It may be conceded that the defendant negligently allowed the railing of the bridge to rot away ; " but negligence relatively to one to whom no duty is due with respect to the matter in question does not give him a right of action." *Ga. & Ala. R. Co.* v. *Cook,* 114 *Ga.* 762 and cit. In *Balch* v. *Carling,* 102 *Ga.* 586, this court sustained the grant of a nonsuit

in an action by a tenant against his landlord for personal injuries alleged to have been occasioned by the defendant's failure to keep in proper and safe repair a certain veranda-railing, it affirmatively appearing from the evidence for the plaintiff that he was guilty of negligence in putting the railing to an improper use by sitting on it.    See also Stickney v. Salem, 3 Allen (Mass.), 374.    The law on this subject seems so clear that we deem further discussion or citation of authority unnecessary.

*Judgment affirmed.   All the Justices concur.*