### 12768.  EARLY *v.* HOUSER & HOUSER.

1.  Legal liability results only from a breach of legal duty which implies the existence of some legal relation.

2.  One who without any employment whatever, but at the request of a servant who has no authority to employ other servants, voluntarily undertakes to perform service for a master is a mere volunteer, and the master does not owe him any duty except not to injure him wilfully and wantonly after his peril is discovered.

3.  The allegations of the petition failed to show a breach of any duty of the defendants to the plaintiff in connection with the act in which he is alleged to have been injured, and showed that this act was simply a voluntary one on his part, in which he assumed all the risk.

> DECIDED DECEMBER 14, 1921.

Action for damages ; from Dawson superior court — Judge J. B. Jones. August 3, 1921.

Early sued for damages on account of personal injuries, making substantially the following allegations: The defendants were the owners of and operated a public ginnery, to which the public was invited to bring cotton to be ginned, and for the ginning of which they charged a stipulated sum as compensation. The gin was generally operated by the defendants, " with the assistance of Jack Williams (sometimes called Jack Bruce) who was an employee of said " defendants. On the day of the alleged injury the defendants had gone away from the gin and left the entire management and control and operation of the ginnery under the control and management of Williams alone, and at the time of the injury he was the agent of the defendants, and, as such, had entire control and management of and was operating the ginnery. On the day of the injury the plaintiff was a customer at the gin, having, on that day, carried a bale of seed cotton to the gin, and was then and there invited to place the cotton at the proper place to have it ginned, and was waiting to have it ginned. It is alleged that while he was unloading his cotton a belt running from a counter-shaft to a pulley on the gin slipped and ran off the pulley and on the countershaft, causing the gin to stop, and the countershaft continued to revolve at a very rapid and increased speed; that when the belt ran off, the said Williams, who was then operating the gin alone, and had entire charge of it, having no assistance or help near or within call of him, called upon and requested and directed the plaintiff to assist him in putting the belt back on the pulley of the countershaft; that this was an emergency in which it was necessary that the belt should be put back on the pulley, not only to avoid injury to the machinery, but in order that the ginning should continue and not be delayed, and in order that the plaintiff's cotton should be ginned and not delayed; that in order to lend a helping hand and in order that the gin might continue to run, the plaintiff immediately complied with the request, and in so doing he came very close to the countershaft and his clothing was caught upon an unguarded and projecting set-screw on the shaft, and he thereby received the injury for which he sued. The court sustained a demurrer to the petition, and the plaintiff excepted.

*W. B. Sloan, H. H. Perry,* for plaintiff.

*E. C. Brannon, B. R. Taylor, A. W. Taylor, O. J. Lilly,* for defendant.

HILL, J. (After stating the foregoing facts.)   The allegations of the petition show that the plaintiff was a volunteer, and, in undertaking to render a voluntary service to the employee of the defendants who was operating the gin, he did so at his own risk. These allegations, most favorably considered, show that Williams, who was in charge of the gin, was operating it simply as an employee of the defendants, and, as such employee, had no authority to employ assistance.   It was insisted that the plaintiff was not merely a volunteer, that he was at the gin in compliance with an invitation of the owners thereof, the defendants, and that he was therefore a licensee with an interest; that in addition an agent of the defendants, who, at the time was in charge of the gin, requested him to assist; that Williams, the employee, being in sole charge of the gin, was the alter ego of the defendants, and the defendants were liable for the acts of Williams.   There are some authorities which sustain the view here presented, but we think the question is controlled by decisions of this court and of the Supreme Court adverse to the position of learned counsel for the plaintiff in error. While there are some general statements in the petition which would indicate that Williams was acting as vice-principal of the defendants, there are no facts alleged which would justify that conclusion; the only facts alleged being that he was operating the gin in the absence of the defendants as their employee.   It is alleged that the plaintiff was invited to take his cotton to the gin for the purpose of having it ginned, but this invitation was not broad enough to authorize him to intermeddle with the operation of the gin at the request of Williams, and when he did so he was acting voluntarily and at his own risk.

"To create the relation of master and servant, there must be some contract or some act on the part of one person which expressly or impliedly recognizes another as his servant." *Atlanta & West Point R. Co.* v. *West,* 121 *Ga.* 641 (1) (49 S. E. 711, 67 L. R. A. 704; 104 Am. St. Rep. 179).   So far as appears from the petition, the owners of this gin were guilty of no breach of any duty to the plaintiff; and there can not be a legal liability except upon a breach of some legal duty.   "Where a volunteer engages in work undertaken in compliance with an unauthorized request of an employee of the defendant, the latter owes him none of the obligations of a master toward a servant, but is only bound to use

care not to injure him after notice of his peril." *Atlanta & West Point R. Co. v. West,* supra; *Cooper v. Lowery,* 4 *Ga. App.* 120 (60 S. E. 1015) ; *Central of Georgia Ry. Co. v. Mullins,* 7 *Ga. App.* 381 (66 S. E. 1028) ; *Southern Ry. Co. v. Duke,* 16 *Ga. App.* 673 (85 S. E. 974) ; *Rhodes v. Georgia R. & Banking Co.,* 84 *Ga.* 320 (10 S. E. 922, 20 Am. St. Rep. 362).

The allegations of the petition are not sufficient to show such an emergency as would authorize the plaintiff voluntarily to interfere and undertake the risk of working with the dangerous revolving machinery. The fact that an employee in charge of the gin requested him to do so did not warrant him in doing so. Certainly his act was not one the responsibility for which he could legally impose upon the owners of the gin, who were under no obligations whatever to him in so far as his meddling with the machinery was concerned. The relation of master and servant was not created by this unauthorized request of the employee in charge of the gin. The invitation extended to the plaintiff by the owners of the gin was to bring his cotton there for the purpose of having it ginned, and certainly such invitation was not sufficient to justify him in undertaking to help in the operation of the gin.

Under the decisions in *Atlanta & West Point R. Co. v. West,* and *Central of Georgia Ry. Co. v. Mullins,* supra, we think the judgment sustaining the demurrer and dismissing the petition should be affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*