PATRICK O'CALLAGHAN, an Infant, by PATRICK O'CALLAGHAN, His Guardian ad Litem, Respondent, *v.* COMMONWEALTH ENGINEERING CORPORATION, Appellant.

PATRICK O'CALLAGHAN, Respondent, *v.* COMMONWEALTH ENGINEERING CORPORATION, Appellant.

**Negligence — streets — children — contractor not bound to place railing on stairs leading to temporary shed over sidewalk so as to make same safe for children playing thereon.**

A contractor engaged in the construction of a building, who erects a shed over the sidewalk with steps leading thereto, not alleged or shown to be unlawful, is under no duty to erect a railing that would make the steps entirely safe for small boys playing thereon. It may not be held liable, therefore, for injuries to a boy six and one-half years of age, who while playing on the stairs fell therefrom and fractured his arm.

*O'Callaghan* v. *Commonwealth Engineering Corp.*, 221 App. Div. 776 (2 cases), reversed.

(Argued November 30, 1927; decided January 10, 1928.)

APPEAL, in each of the above-entitled actions, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 2, 1927, affirming a judgment in favor of plaintiff entered upon a verdict.

*Franklin Malone* and *Lewis A. Ackley* for appellant. This stairway and structure did not constitute an attractive nuisance. (*Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301; *Flaherty* v. *Metro Stations, Inc.*, 202 App. Div. 583;

*Parkes* v. *N. Y. Tel. Co.*, 120 Misc. Rep. 459; *Travell* v. *Bannerman*, 174 N. Y. 47; *Beickert* v. *G. M. Laboratories*, 242 N. Y. 168; *Robertson* v. *Rockland L. & P. Co.*, 187 App. Div. 720.)

*James A. Gray* and *William S. Butler* for respondent. Defendant's negligence in maintaining an almost vertical stairway leading from the sidewalk to a shed fifteen feet above the sidewalk and entirely open and enticing to children of tender years playing about the street, was, under all the circumstances of the case, a question of fact for the jury. (*Johnson* v. *City of New York*, 208 N. Y. 77; *Robertson* v. *Rockland Light & Power Co.*, 187 App. Div. 720; *Kunz* v. *City of Troy*, 104 N. Y. 345; *McGarry* v. *Loomis*, 63 N. Y. 104; *Connelly* v. *Carrig*, 244 N. Y. 81; *Beickert* v. *G. M. Laboratories*, 242 N. Y. 168.)

Lehman, J. The defendant in August, 1924, was engaged in the construction of a building in the city of New York. In accordance with the provisions of section 191 of the Building Code of the city, the defendant erected a shed over the sidewalk, alongside of the building. The roof of the shed was used in the construction work, and access to the roof was obtained by means of a flight of steps which occupied about one-third of the sidewalk nearest the building. The approach to the roof is described as " like a step ladder, the bottom resting on the sidewalk." The slant of the steps was steeper than upon an ordinary stairway. No balustrade or guard was erected along the side of the steps. At times boys would run up the steps in play. There was no barrier to prevent people from going up and down, but a watchman would drive boys away when he saw them.

At the time of the accident a group of boys were running up the steps to the roof and jumping from the roof to a sand pile. The infant plaintiff, a boy six and a half years of age, was playing with them. He climbed the steps and when near the top he fell off and fractured his

arm.   If balustrades or railings had been erected along
the side of the steps he would probably not have fallen.
A watchman was employed by the defendant to chase
small boys away from the shed, but was not present at
that time.   According to his story he was, at the moment,
chasing other boys from the interior of the building.

Although the shed and steps were placed upon the side-
walk, they were erected by permission of the authorities
of the city and in accordance with the requirements of
the Building Code.   Even though there is some evidence
that the building which the defendant was erecting was
at the time of the accident inclosed and the shed was
no longer needed, it does not appear that its removal
before the accident was required either by the terms of
the license under which it was erected or by order of the
municipal authorities.   There is neither pleading nor
proof that at that time it was an unlawful encroachment
upon the sidewalk and constituted a nuisance.   Recovery
has been based solely upon a finding that the defendant
was negligent in the erection and maintenance of the
steps leading to the roof of the shed.

The steps and the absence of a railing along the side
created no danger which caused injury to any pedestrian.
No invitation, express or implied, was held out to the
public to climb the steps, and the defendant was under
no duty to exercise care to render the steps safe for any
person who chose to use them without invitation, or
even permission.   It is said, however, that the plaintiff
may recover because he was a child and the defendant
should have anticipated that children would play on the
street; that they would be attracted by the steps and would
climb them, and that the defendant was under an obli-
gation either to prevent the children from using the steps
or to protect the children by proper railings from falling
off the steps.

Doubtless children may lawfully play on the streets,
and it is natural for children, in their play, to climb steps

9

or ladders. The defendant might perhaps have anticipated that children might climb the steps leading from the sidewalk to the roof of the shed. Indeed, in the present case the evidence shows that the defendant had actual notice that children did at times play there unless driven off by a watchman. The infant plaintiff had been warned by his father not to play there, but disobedience by a small boy of such parental commands is not unusual and might not as a matter of law preclude the plaintiff from recovery, if his injury was due to the failure of the defendant to perform some duty which the defendant under the circumstances owed to children who might play on the steps. There is, however, no basis for any finding in this case that the defendant was under any duty to erect a railing that would make the steps entirely safe for the use of small boys.

We do not decide that a person who maintains a structure in the street which makes the street dangerous for children playing in the street may not, under some circumstances, be negligent if he exposes the children to a danger which he might reasonably anticipate would cause them injury. (*Johnson* v. *City of New York*, 208 N. Y. 77.) No such question is presented here. Steps without railings, even ladders, are not inherently dangerous objects which make the streets unsafe even for children. Children do often climb in their play upon fences, ladders, or any other object that may be at hand. They do at times fall and break limbs. The play of boys is not without its hazards. For some boys it would otherwise be without zest. Even if there be some duty on one lawfully using the city streets for the construction of a building not to create a condition which is inherently dangerous for children who might play there, he is not under any affirmative duty to make the place entirely safe for children or to protect them against the ordinary hazards of boyhood. Accidents do happen, and it may hardly be said that the defendant was under

a duty to protect the children from possibility of a fall from a flight of steps which presented no dangers greater than boys encounter in their usual play.  As well might it be said that an owner who plants a tree on the side of a highway should support the limbs lest they break under the weight of a boy who may climb into it, or that an owner may not place a wall in front of an area lest children walking in play on the top should fall.

Indeed, in this case, if the defendant had placed a rail on the side of the steps it may be doubted whether the game of sliding down the rail would not have been quite as attractive and quite as dangerous as the game of climbing the steps.

The judgments of the Appellate Division and of the Trial Term should be reversed in each case and the complaints dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.