33854. HORNSBY *v.* HAVERTY FURNITURE CO. *et al.*

DECIDED FEBRUARY 28, 1952.

*Walter A. Sims, Joseph S. Crespi,* for plaintiff.

*Smith, Field, Doremus & Ringel, Neely, Marshall & Greene, Bryan, Carter, Ansley & Smith, W. Colquitt Carter, Ferdinand Buckley,* for defendants.

SUTTON, C. J. ■ It is alleged in the petition that the Haverty Furniture Company owned and occupied a building in which the elevator that injured the plaintiff was located; and that the plaintiff was there at the time as an employee of a painting contractor, who was doing work in the company's building. Assuming that these allegations are sufficient to show that the plaintiff was in the building as an invitee of the Haverty Company, so as to require it to anticipate his presence and to exercise ordinary care to prevent injury to him, it cannot be said that the invitation extended to, or that it was the defendant's duty to anticipate, the use of the elevator by the plaintiff in the manner alleged. According to the petition, the plaintiff was carrying paint to his work on the second floor. He entered the elevator on the street floor of the building and operated it himself up to the second floor of the building. It is not shown whether or not the plaintiff locked the hand-control cable by means of the lever before leaving the car. He then raised the gate and stepped out with his paints. The gate to the shaft on the second floor was alleged to be about five feet high and one which had to be lowered and closed before the elevator could be moved, and which automatically locked when the elevator had moved away. When the employee of the defendant Donnellan, who was doing remodeling work in the building, called to the plaintiff to release the elevator so that he could use it, the plaintiff lowered and closed the gate. Donnellan's employee then "asked and directed" that the plaintiff also release the lever which locked the control cable in place within the elevator. The plaintiff attempted to raise the gate, so that he could release the lever, but was unable to lift it. He then stood "in part over the said gate" and reached over it to move the lever which held the control cable. The plaintiff either released the locking lever, or else he had not locked it, for it is alleged that the control cable was pulled without warning by some employee of one of the defendants, at another floor, and that the elevator descended before the plaintiff could remove his body and head from over the gate, thereby injuring him.

Under these alleged facts, the following principle, expressed in the case of *Culbreath* v. *Kutz Co.*, 37 *Ga. App.* 425 (1) (140 S. E. 419), is controlling: "Where an instrumentality is being put to

a purpose or use not intended, the owner or person in control thereof is not liable for injuries occasioned thereby, unless he had actual knowledge that it was defective and unsuited for that purpose and also knew or should have anticipated that it would be diverted to the foreign use." There the plaintiff, while washing the windows of the defendant's building, attempted to support himself by a defective window frame. "In that case [*Culbreath v. Kutz Co.*, supra] the use to which the instrumentality was being put was so foreign to its purpose, and the circumstances which affirmatively appeared from the plaintiff's petition were such that the court was justified in holding as a matter of law that the defendant was under no duty to have anticipated such use." *Georgia Power Co.* v. *Leonard*, 187 *Ga.* 608, 612 (1 S. E. 2d, 579). Also see *Balch* v. *Carling*, 102 *Ga.* 586 (29 S. E. 146); *Knowles* v. *Central of Ga. Ry. Co.*, 118 *Ga.* 795 (45 S. E. 605); *Babcock Bros. Lumber Co.* v. *Johnson*, 120 *Ga.* 1030 (48 S. E. 438); *Hudgins* v. *Georgia Power Co.*, 43 *Ga. App.* 627, 629 (159 S. E. 723); *McDade* v. *West*, 80 *Ga. App.* 481, 488 (56 S. E. 2d, 299). In the present case, neither defendant was under a duty to anticipate that the plaintiff would use the elevator as he did, climbing onto and partly over the gate which had been placed there for the obvious purpose of keeping persons out of the shaft, where they might fall or be struck by the elevator car which could be moved when the gate was lowered and closed.

As the Haverty Company was not bound to anticipate that the plaintiff would place himself in such a position of danger, the other acts of negligence alleged on the part of the Haverty Company cannot be said to have been the proximate cause of the plaintiff's injury. The company's alleged failure to instruct in the use of the elevator, to have an operator on the elevator, to have a gate on the elevator car, and to maintain a proper signal and control system, and its alleged negligence in maintaining a defective gate on the second floor of its building, in permitting the elevator to be operated from any floor, and in moving the elevator without warning to the plaintiff, are acts which would be negligent with respect to a person known to be in the plaintiff's position. But the defendant company is not alleged to have known, and cannot be held to have anticipated, that the plaintiff would place himself on the gate to the shaft.

In other words, the petition shows that the plaintiff placed himself in peril by his own acts, and that the defendant company could not reasonably have foreseen that its acts would concur with those of the plaintiff so as to injure him.

■ The petition alleged that the defendant Donnellan, acting through his employees, was negligent in placing the plaintiff in a position of danger by requesting him to release the elevator and then moving the elevator by pulling the control cable. The petition shows that the plaintiff was merely a volunteer, insofar as Donnellan was concerned, to whom this defendant owed only the duty of not wilfully injuring him or of using care not to injure him after notice of his peril. *Atlanta & West Point R. Co.* v. *West,* 121 *Ga.* 641 (49 S. E. 711, 67 L. R. A. 701, 104 Am. St. R. 179); *Central of Ga. Ry. Co.* v. *Mullins,* 7 *Ga. App.* 381 (66 S. E. 1028); *Southern Ry. Co.* v. *Duke,* 16 *Ga. App.* 673 (85 S. E. 974); *Early* v. *Houser & Houser,* 28 *Ga. App.* 24 (109 S. E. 914); *Callaham* v. *Carlson,* 85 *Ga. App.* 4 (67 S. E. 2d, 726). (The case last cited is similar to the present case in the manner in which the injury occurred.) It is not alleged here that the plaintiff was wilfully or wantonly injured, or that the defendant Donnellan had any notice of the plaintiff's perilous position on the gate to the shaft when the elevator control cable was pulled; but it is shown that persons outside the shaft were unable to see whether or not anyone was on the elevator when the car was at another floor. Donnellan was not an employer of the plaintiff, nor did he maintain and control the elevator, but he was merely another invitee on the premises of the defendant company. He was under no more duty to anticipate that the plaintiff would go upon and partly over the gate than was the defendant company, as indicated in the first division of this opinion.

■ The petition affirmatively shows that the defendants breached no duty with respect to the plaintiff, who had placed himself in a position of danger unknown to, and not reasonably to be anticipated by, the defendants. The trial judge did not err in sustaining the defendants' demurrers and in dismissing the petition as to both of the defendants.

*Judgment affirmed. Felton and Worrill, JJ., concur.*