36162.   AUGUSTA AMUSEMENTS, INC. *v.* POWELL, by
Next Friend.
36163.   AUGUSTA AMUSEMENTS, INC. *v.* POWELL.

Decided April 11, 1956.

*Fulcher, Fulcher & Hagler, J. Walker Harper,* for plaintiff in error.

*Pierce Brothers, R. William Barton,* contra.

TOWNSEND, J. Code § 105-401 provides as follows: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." The infant plaintiff here, having according to the allegations of the petition come upon the defendant's premises by means of purchasing a ticket to see a movie, came in the usual course of the defendant's business, and was, accordingly, an invitee of the defendant. *McCall* v. *McCallie,* 48 *Ga. App.* 99 (171 S. E. 843). It must be noted, however, that the petition alleges no negligence against the defendant in its failure to keep the premises safe—that is, it alleges no defect in the stairway or balustrade, and seeks to predicate negligence solely upon the defendant's failure to have a person on hand to keep the child from climbing upon and sliding down the bannis-

ters on this particular occasion, a duty which it in turn seeks to raise by allegations that the defendant knew that children did slide down the bannisters, and that it maintains help and assistance to caution and warn children against this practice. Code § 105-204 provides as follows: "Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation." As applied to this case, this Code section would relate to that degree of care which the child should be required to exercise for his own safety, and, as to a child of seven years, the question would be one for the jury to decide. *Mayor &c. of Madison* v. *Thomas*, 130 *Ga.* 153 (3) (60 S. E. 461). As to the duties of adults toward children, the rule of law is that children of tender years are entitled to a degree of care proportioned to their ability to foresee and avoid perils which may be encountered (*Lee* v. *Georgia Forest Products Co.*, 44 *Ga. App.* 850, 852 (163 S. E. 267); that by reason of this "due care" or "ordinary care" to avoid injury to another may involve a greater duty owed to small children lawfully upon premises than to older persons (*Etheredge* v. *Central of Ga. Ry. Co.*, 122 *Ga.* 853, 50 S. E. 1003); and accordingly the degree of care may vary with the capacity of the invitee. But, regardless of the age or capacity of the injured person, if there is no breach of any legal duty on the part of the defendant toward such person, there can be no legal liability. As stated in *Atlanta & West Point R. Co.* v. *West*, 121 *Ga.* 641, 645 (49 S. E. 711), "Infancy or want of mental capacity on the part of the plaintiff is often very material where the defense calls in question the plaintiff's own diligence. In other words, where the defendant has been negligent and claims that the plaintiff could by the exercise of due care have avoided the injury, or that the plaintiff did not use due diligence to lessen the damages, or that plaintiff's negligence contributed to the injury, then the plaintiff's infancy or mental capacity is material. Whenever the plaintiff's diligence is under investigation, his mental capacity is relevant, as will be seen in many decisions in this and other States. In investigating the diligence of the defendant, the plaintiff's infancy or evident lack of mental capacity may sometimes become relevant as an element of notice to defendant of the plaintiff's peril. But in determining

the relations of the parties, the infancy of the plaintiff is not material, nor can it supply the place of negligence on the part of the defendant."

Although the petition sets out in detail the attractiveness of the bannister, stair well, and drinking fountain to children, counsel for the plaintiff rightly recognizes in his brief that the facts of this case, which do not show any active and dangerous instrumentality, do not come under the "attractive nuisance" doctrine, and these allegations are insisted upon only as tending to show a reason known to the defendant for the conduct of children in climbing up on the bannister and attempting to slide down. Indeed, far from being an active or dangerous instrumentality, it appears from the petition, construed against the pleader and in the absence of allegations to the contrary, that the balustrade was a necessary and efficient safeguard erected to protect persons, including the plaintiff, who climbed the steps to the balcony; and that, properly used, it could not injure anyone, but could and did serve its purpose of preventing injury by making it difficult to fall from the stairs to the floor below. It further appears that children were not invited to use the bannister as a toboggan slide, and that the defendant in general prevents them from doing so, but it does not appear that knowledge of or reliance on any custom of the defendant in keeping the children away from the top of railings or other precariously raised areas was any factor or consideration in the child being allowed to attend the movie by himself, as he must be assumed to have done since it is not alleged that he was accompanied by his parents. It is normally the duty of parents, by their presence or training, to keep young children from going into places of obvious danger. *Macon, Dublin &c. Ry. Co.* v. *Jordan,* 34 *Ga. App.* 350 (129 S. E. 443). It would doubtless be the duty of an employee of the defendant, seeing the child in such position, to attempt to extricate him therefrom, but there is no allegation that the defendant had any knowledge of the child's position of peril on the bannister until he had fallen therefrom, and the duty sought to be raised is that the defendant should have guarded against the child's leaving the steps, where he had a right to be, and going to the top of the bannister, a place where he had no right to be, without notice of the child's intention to do this—in other words, that it should

*in all events* have prevented him from reaching a part of the premises where he was not invited, although the defendant had no actual notice of such intention, but, at most, constructive notice gained from the fact that children generally liked to peer over or slide down the bannisters. An owner of a place of business is not, however, an insurer of the safety of his customers. *Cook* v. *Kroger Baking &c. Co.*, 65 *Ga. App.* 141 (15 S. E. 2d 531). Such owner's invitation, and the protection due him thereunder, extend to those portions of the premises necessary for ingress and egress and on parts necessary or incidental to the mutual business or purposes of the invitation; but an invitee who leaves such places for others on the premises not included in the invitation and disconnected with the objects of the invitation is, as to such parts of the premises, a mere licensee. *Smith* v. *Jewell Cotton Mill Co.*, 29 *Ga. App.* 461 (116 S. E. 17). In *Etheredge* v. *Central of Ga. Ry. Co.*, supra, headnote 2, it was held that, although a path had remained across the property of another so long as to constitute those using it invitees by implication, nevertheless "the owner is under no duty to persons using the path to keep his entire premises in safe condition for pedestrians; and if a person using the path leaves it and wanders some distance from the path and falls into a ditch, partly concealed from view, the owner will not be liable. *In such a case it is immaterial that the person injured was a child of tender years.*" (Emphasis added.) Such seems to be the rule generally. In Pellicot *v.* Keene, 181 Md. 135 (28 Atl. 2d 826), a child, an invitee in the store, who went behind a counter and fell through a trap door, was as to that part of the premises held a mere licensee for whose injuries the store was not liable. The same was held in Flynn *v.* Cities Service Refining Co., 306 Mass. 302 (28 N. E. 2d 453) where a 4-year-old child, who went with its father to transact business at a service station, wandered away and fell into a grease pit. Although the plaintiff here was an invitee in the theatre, he was not an invitee for the purpose of climbing upon and sliding down the bannister. He was not injured by the bannister, which had been put there for his safety, but he injured himself as a result of his misuse of the bannister. In O'Callaghan *v.* Commonwealth Engineering Corp., 247 N. Y. 127 (159 N. E. 884, 60 A. L. R. 1424), a construction company which erected a

shed adjacent to a sidewalk with steps leading to the top was held not liable for injuries to a child who fell while climbing up the unprotected stairs, although it had knowledge that children liked to go upon the shed roof and employed a man for the purpose of chasing them away, the man not being on duty at the time. In McHugh v. Reading Co., 346 Pa. 266 (30 Atl. 2d 122, 145 A. L. R. 319), the defendant was held not liable for injuries to a six-year-old child who, in accordance with a custom of children in the neighborhood, was injured while climbing a flight of stairs from which she sought to gain the top of a wall and an abutment known to the children as "the king's throne," upon which they were accustomed to play. The court in that case, dealing with the duty of the owner of land to children coming upon it by express or implied invitation, had the following to say (at p. 269): "This does not require him to keep his land free from conditions which even young children are likely to observe and the full extent of the risk involved in which they are likely to realize. . . No danger is more commonly realized or risk appreciated, even by children, than that of falling; consciousness of the force of gravity results almost from animal instinct. Certainly a normal child nearly 7 years of age—indeed any child old enough to be allowed at large—knows that if it steps or slips from a tree, a fence, or other elevated structure, it will fall to the ground and be hurt. It may be that some children, while realizing the danger, will disregard it out of a spirit of bravado, or because, to use the language of the Restatement [of Torts, § 339, clause (c)] of their 'immature recklessness' but the possessor of land is not to be visited with responsibility for accidents due to this trait of children of the more venturesome type." Quoting from Kayser v. Lindell, 73 Minn. 123 (75 U. W. 1038): "While the owner of premises may owe more duty to a child than to an adult coming upon his premises by implied invitation, yet he is not bound to guard every stairway, cellarway, retaining wall, shed, tree, and open window on his premises, so that such a child cannot climb to a precipitous place and fall off." Of course, whether the invitation to come on the premises is express or implied does not change the character of the liability, and what is said in those cases is equally applicable here. Without making the proprietor of an amusement company an insurer of the safety

of his child patrons, where there is no negligence involved in the keeping and maintaining of the premises, and no actual notice of the peril of the child, it is difficult to imagine how such a business could function if its duty was absolute to guard against every possible way in which a child might escape from the normal use of the premises and, by climbing upon portions thereof not intended for such use, place himself in danger of injury by falling. There is a difference between this situation and those in *Culbreath* v. *Kutz Co.*, 37 *Ga. App.* 425 (1) (140 S. E. 419); *McDade* v. *West*, 80 *Ga. App.* 481 (56 S. E. 2d 299), and *Hornsby* v. *Haverty Furniture Co.*, 85 *Ga. App.* 425 (69 S. E. 2d 630). Those cases—by stating that, where an instrumentality is being put to a purpose not intended, the owner is not liable for injuries occasioned thereby unless he had actual knowledge that it was defective and unsuited for that purpose, and also knew or should have anticipated that it would be diverted to the foreign use— recognize that the converse may also be true, that is, that an owner with knowledge of the misuse to which an object is being put and knowledge of its defective and unsuitable condition for that use, may thereby become liable to one injured. In the *Culbreath* case, a defective window broke with a window cleaner; in the *McDade* case a smokestack not intended to hold a man's weight broke when used as a ladder by a workman; in the *Hornsby* case a workman, using an elevator in an unauthorized manner, was injured when another person pulled the control cable. In each instance something broke, fell, or moved; something proved defective when put to a certain use. The bannister here remained stationary and solid; only the plaintiff moved, in such manner as to injure himself. Also, as above pointed out, no actual knowledge of his perilous situation is alleged. *Atlantic Coast Line R. Co.* v. *O'Neal*, 48 *Ga. App.* 706 (172 S. E. 740), also cited by the defendant in error, was overruled in the same case, 180 *Ga.* 153 (178 S. E. 451). None of the cases cited deal with a static, non-defective part of premises to which the invitee is not invited, and upon which he injures himself without regard to any defect or activity related to the premises itself.

The trial court erred in overruling the general demurrers to the petitions.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*