### 42602. ROOKS v. JORDAN et al.

FRANKUM, Presiding Judge. 1. Where the plaintiff sued two defendants for damages in a single action, and each defendant separately demurred to the petition, and where the trial court, in separate orders, sustained the general demurrer of each defendant to the plaintiff's petition, and where the plaintiff appealed to this court from the judgment sustaining the demurrer of one of the defendants only, enumerating as error that "the trial court erred in sustaining the general demurrer to the plaintiff's petition," the appeal presents only the question of whether or not the judgment designated in the notice of appeal was error and presents no question as to the correctness of the other judgment from which no appeal was taken.

2. Where, as in this case, the petition alleged that the plaintiff and the defendant Holloway were riding to and from work as paying passengers in the automobile of the defendant Jordan; that at about 3 p.m., on September 11, 1964, plain-

tiff and defendant Holloway discovered "a flat tire" on one of the wheels of Jordan's automobile; that Holloway "went and hunted up Mr. Jordan and got the keys for . . . Jordan's car from him" and "returned to the car of C. M. Jordan," who had authorized and empowered him as his agent and servant to repair the "flat tire"; that while plaintiff and the defendant Holloway were so engaged, and plaintiff was in the process of mounting the spare wheel, Holloway, through negligence, caused the jack with which the car was being raised to fall, throwing the fender of the automobile against plaintiff's arm, splintering and breaking it. There is no allegation in the petition that the defendant Jordan authorized the defendant Holloway to procure the assistance of the plaintiff in repairing the "flat tire," and the petition, insofar as the defendant Jordan (the appellee before this court) was concerned, shows that the plaintiff was merely a volunteer to whom Jordan owed no duty other than not to injure him wilfully, or of using care not to injure him after notice that he was in a position of peril. It is obvious from the allegations of the petition that the defendant Jordan was not present at the time of the injuries complained of. *Early v. Houser & Houser,* 28 Ga. App. 24 (2) (109 SE 914); *Hornsby v. Haverty Furniture Co.,* 85 Ga. App. 425 (1) (69 SE2d 630); *Atlanta & W. P. R. Co. v. West,* 121 Ga. 641, 644 (2) (49 SE 711, 67 LRA 701, 104 ASR 179). The petition fails to set out a cause of action against the defendant Jordan, and the court properly sustained his general demurrer.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED FEBRUARY 8, 1967—DECIDED MARCH 8, 1967.

C. C. *Perkins,* for appellant.
*Tisinger & Tisinger, David H. Tisinger,* for appellees.