43191.   GRIFFITH v. MORGAN.

Argued November 6, 1967—Decided January 15, 1968—
Rehearing denied February 12, 1968—Cert. ▮▮▮▮▮▮

*Swift, Currie, McGhee & Hiers, Robert S. Harkey,* for appellant.

*Cook, Pleger & Boulogne, J. Vincent Cook, William Goodman,* for appellee.

FELTON, Chief Judge. ■ The principal issue raised by the general demurrer is whether the defendant landowner was negligent in constructing and maintaining on his property, used as a public parking area for doctors' patients, a curb which is alleged to be six inches high, shaped deceptively and asymmetrically like a quarter section of a circle, extending parallel to and for the length of the building, located between the building and the blacktop parking area, 2½ feet from the front porch steps, and painted with a paint of unknown type and unspecified color, so as to make it very slippery.

218

It is a question for a jury whether the owner of premises has exercised proper care and diligence in keeping the premises safe for those invited thereon, especially when the defective condition is one of such character that reasonable and prudent men may reasonably differ as to whether an injury could or should have been reasonably anticipated from its existence or not. *Code* § 105-401; *Goldsmith v. Hazelwood,* 93 Ga. App. 466 (92 SE2d 48) ; *Roberts v. Wicker,* 213 Ga. 352 (99 SE2d 84). None of the cases cited to us involving similar factual situations, in which the owner or occupier has been held not negligent as a matter of law, has the same set of facts as the instant case. Each case must rest upon its own facts, of which there is an infinite variety. This case is distinguishable on its facts from *Broadview Plaza, Inc. v. Goodman,* 116 Ga. App. 738 (158 SE2d 258), in that, in that case, the curb or divider was so placed that it was not necessary to walk over it, it was not asymmetrically shaped or slippery, it did not appear that the plaintiff had tripped on the alleged defect on the divider, rather than merely on the divider itself, and, finally, that plaintiff was in the process or stepping *over* the divider, rather than stepping *onto* it, as the present plaintiff alleges she did.

We are of the opinion that the present petition alleges a cause of action arising out of the defendant's negligence. Whether or not the plaintiff failed to avoid the consequences of the defendant's negligence, if any, is also a jury question. *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731, 734 (149 SE2d 527) and cit.

■ The court erred in its judgment overruling the special demurrer to Paragraph 7 of the petition. Said paragraph does not allege that the defendant's notice of the other alleged injury was received prior to the plaintiff's fall, but merely that it was on an "unknown date, soon after the negligent construction of the curb," which could have been after her fall.

The court did not err in its judgment overruling the general demurrer to the petition as amended, but erred in overruling the special demurrer thereto.

*Judgment affirmed in part; reversed in part. Jordan, P. J., Hall, Pannell, Deen, Quillian and Whitman, JJ., concur. Bell, P. J., and Eberhardt, J., dissent.*

EBERHARDT, Judge, dissenting. In my judgment the factual situation presented by this petition is not logically distinguishable from those presented in *McMullan v. Kroger ·Co.*, 84 Ga. App. 195 (65 SE2d 420) ; *Ely v. Barbizon Towers, Inc.*, 101 Ga. App. 872 (115 SE2d 616) ; *McHugh v. Trust Co. of Ga.*, 102 Ga. App. 412 (116 SE2d 512) ; *Carmichael v. Timothy*, 104 Ga. App. 16 (120 SE2d 814) ; *Cook v. Parrish*, 105 Ga. App. 95 (123 SE2d 409) ; *Pulliam v. Walgreen Drug Stores*, 108 Ga. App. 90 (131 SE2d 801) ; *Sanders v. Jefferson Furniture Co.*, 111 Ga. App. 59 (140 SE2d 550) ; *Associated Distributors, Inc. v. Canup*, 115 Ga. App. 152 (154 SE2d 32) ; and *Broadview Plaza, Inc. v. Goodman*, 116 Ga. App. 738 (158 SE2d 258), all of which dealt with parking lot situations and in all of which we held that no cause of action was presented.

If it be conceded that the painting of the parking lot curb or divider, though rendering it more clearly visible, made it slippery when one stepped on it, the facts alleged show without question that there was no necessity for plaintiff to step on it. She could and should have stepped over the six-inch concrete curb installed for the purpose of providing a stop for parking vehicles, affording a uniformity in parking and use of the lot. As we have observed in several of the cited cases, this is a usual and customary practice in the designing of parking lots.

Though the owner of land does owe the duty of ordinary care in the keeping of his premises in a reasonably safe condition for use by those invited to come upon them, if an invitee fails to exercise ordinary care for his own safety in the use of the premises he cannot recover. *Code* § 105-603; *City of Columbus v. Griggs*, 113 Ga. 597 (38 SE 953, 84 ASR 257) ; *Southern R. Co. v. Hogan*, 131 Ga. 157 (62 SE 64) ; *Ball v. Walsh*, 137 Ga. 350 (73 SE 585) ; *Vaissiere v. J. B. Pound Hotel Co.*, 184 Ga. 72 (190 SE 354). And this rule applies even though plaintiff's injury "may be in part attributable to the negligence of the defendant." *Southern R. Co. v. Dickson*, 138 Ga. 371 (5) (75 SE 462). The owner of the premises is not and does not become an insurer of a patron's safety. *Platz v. Kroger Co.*, 110 Ga. App. 16 (137 SE2d 561). And, as Chief Judge Felton asserted in *Lane Drug Stores, Inc. v. Story*, 72 Ga. App. 886 (35 SE2d

472), "The rule of law as to the duty of the occupier of premises to an invitee applies to hidden defects and to those not discoverable by the invitee by the exercise of ordinary care." The defect here, if there was one, was neither hidden nor undiscoverable by the use of ordinary care.

Particularly applicable to outside areas is the principle that "The pedestrian is not entitled to an absolutely level and unobstructed passageway." 4 Shearman & Redfield on Negligence, p. 1817, § 795. "The drop in elevation of some 3 or 4 inches from the paved walk to the paved parking space, where plaintiff was walking at the time of the accident, cannot be said to present a hidden or concealed danger for any person using it in broad daylight especially, and keeping a reasonable watch as to where he is walking, and with no unreasonable distractions. Certainly plaintiff, upon entering or leaving a store of this character, and undertaking to walk through and upon the parking grounds, must take notice that such changes in elevations are not uncommon and are to be expected." Seal v. Safeway Stores, 48 N. M. 200 (5) (147 P2d 359). "In determining what is a defect in a sidewalk, or a store aisle, or a parking lot, we must take into consideration the nature of the establishment, and we must undertake to determine just what type of surface the user would have the right to expect. A person walking through a store is justified in assuming that the floor is level and smooth. But where a person walks in a parking lot . . . it must be realized that that surface will have indentations and depressions, and the person using it must exercise such care as may be required in the use of such a surface, and we do not see that it can be said to be actionable negligence of the owner of such a surface to allow indentations such as that which is indicated by the evidence here, to remain." Byrnes v. National Cas. Co., (La. App.) 45 S2d 408. Conversely, the user must also expect to find curbs, separators, and the like in parking lots.

Whether it was a curb, a separator or a divider of parking places, the concrete bar has a specific utilitarian use and purpose and this was recognized in the decisions cited above. It was intended, not as something for users of the parking lot to *step on*, but something to guide them in an orderly parking of vehicles,

and thus was something which they should anticipate and *step over*. Cases involving these situations *differ and are distinguishable* from *Chotas v. J. P. Allen & Co.*, 113 Ga. App. 731 (149 SE2d 527), where the offending object was a large rubber door mat on which a store patron *had to* step in getting into the store. In stepping on the curb or divider plaintiff devoted it to a use not reasonably intended, and when one is injured in so doing the owner or occupier of the land cannot be held therefor. *Balch v. Garling*, 102 Ga. 586 (29 SE 146); *Knowles v. Central of Ga. R. Co.*, 118 Ga. 795 (45 SE 605); *Babcock Bros. Lumber Co. v. Johnson*, 120 Ga. 1030 (3) (48 SE 438); *Culbreath v. Kutz Co.*, 37 Ga. App. 425 (140 SE 419); *McDade v. West*, 80 Ga. App. 481, 487 (2) (56 SE2d 299); *Hornsby v. Haverty Furniture Co.*, 85 Ga. App. 425 (69 SE2d 630); *Howerdd v. Whitaker*, 87 Ga. App. 850 (75 SE2d 572); *Augusta Amusements, Inc. v. Powell*, 93 Ga. App. 752 (92 SE2d 720).

I would reverse the overruling of the general demurrer.

I am authorized to state that Presiding Judge Bell joins in this dissent.