43318. HARPER et al. v. DeFREITAS.

SUBMITTED JANUARY 10, 1968—DECIDED JANUARY 31, 1968—
REHEARING DENIED FEBRUARY 13, 1968.

*Memory, Barnes & Memory, S. F. Memory, Jr.,* for appellants.
*George E. Maddox,* for appellee.

BELL, Presiding Judge. Defendants argue that the complaint shows that plaintiff was a mere volunteer and it was thus defective for failure to allege that defendants injured plaintiff wilfully and wantonly. This contention is without merit.

The cases of *Early v. Houser & Houser,* 28 Ga. App. 24 (109 SE 914); *Callahan v. Carlson,* 85 Ga. App. 4, 15 (67 SE2d 726); and *Barber v. Rich's, Inc.,* 92 Ga. App. 880, 884 (90 SE2d 666), cited by defendants, are not apposite here. Those cases held that one who voluntarily undertakes to perform service for a master at the request of a servant who has no authority to employ other servants, is a mere volunteer and the master does not owe him any duty except not to injure him wilfully and wantonly after his peril is discovered. The services of plaintiff in this case were not secured by a servant of defendants without authority. This case is thus distinguishable from *Rooks v. Jordan,* 115 Ga. App. 360 (154 SE2d 746).

A petition filed before the effective date of the Civil Practice Act (Ga. L. 1966, p. 609, as amended by Ga. L. 1967, p. 226; *Code Ann. Title* 81A) would be construed most strongly against the pleader when considered on general demurrer and in light of its omissions as well as its averments. *Mackler v. Lahman,* 196 Ga. 535, 537 (27 SE2d 35); *Toler v. Goodin,* 200 Ga. 527, 534 (37 SE2d 609). If an inference unfavorable to the pleader could be fairly drawn from the facts alleged, that inference

would prevail in determining the rights of the parties. *Krueger v. MacDougald,* 148 Ga. 429 (1) (96 SE 867); *Chalverus v. Wilson Mfg. Co.,* 212 Ga. 612 (1) (94 SE2d 736). The Civil Practice Act changed these rules. As the Act is substantially identical with the Federal Rules of Civil Procedure (28 U. S. C.), it is appropriate to resort to federal cases for its construction. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442). On a motion to dismiss, a complaint should be construed in the light most favorable to plaintiff with all doubts resolved in his favor. Jung v. K. & D. Mining Co., 260 F2d 607, 608. The plaintiff is entitled to the most favorable inferences that can reasonably be drawn from the complaint, even if contrary inferences are also possible. Sidebotham v. Robison, 216 F2d 816, 831. The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. King Edward &c. Union v. Travelers Indem. Co., 206 F2d 726, 728; Melo-Sonics Corp. v. Cropp, 342 F2d 856, 858; Fowler v. Southern Bell T. & T. Co., 343 F2d 150, 153. See the host of cases annotated at 28 U. S. C. A., Rule 12, Note 69.

While the complaint does not aver that defendants either requested or consented to plaintiff's assistance, it does not show that he was persona non grata intruding himself into a matter in which he had no interest without defendants' consent. We infer that as the plaintiff's assistance was offered as a benefit to defendants it was rendered with their consent, if not at their express or implied request. We hold that a person who gives assistance in starting or extricating a stalled or ditched automobile at the motorist's request or consent is not a "volunteer" in the sense that the duty owed him by the motorist would be reduced from the normal standard of ordinary care. See *Holtsinger v. Scarbrough,* 69 Ga. App. 117 (3) (24 SE2d 869); Saliba v. Saliba, 178 Ark. 250 (11 SW2d 774); Kavigian v. Lonero, 312 Mass. 603 (45 NE2d 823); Anno. 3 ALR3d 780, 793. Compare, *Jordan v. Batayias,* 53 Ga. App. 538 (186 SE 451); *Bramlett v. Hulsey,* 98 Ga. App. 39 (104 SE2d 614).

It has been held that one helping a motorist in repairing a

car could not recover for injuries caused by the motorist's negligence unless the latter had expressly or impliedly sought the assistance. Jacobs v. Bever, 79 N. D. 168 (55 NW2d 512). See 65 CJS 935, Negligence, § 63 (148). But even if defendants' express or implied request for help were required rather than mere consent, in order to impose on them the duty to exercise ordinary care, still the complaint would not be subject to the motion to dismiss under the liberal construction which we must give a complaint under the Civil Practice Act.

The trial court properly overruled defendants' motion to dismiss.

*Judgment affirmed. Hall and Quillian, JJ., concur.*