### 48726. GEORGIA HIGHWAY EXPRESS, INC. et al. v. ROUNTREE.

CLARK, Judge. Via an immediate review certificate Georgia Highway Express and its employee, Alton Bowen, defendants in a personal injury suit based on their alleged negligence instituted by Rountree, have appealed the denial of their motion for summary judgment.

On September 23, 1971, defendant Alton Bowen, an employee of the co-defendant, Georgia Highway Express, Inc., drove a tractor-

trailer unit on behalf of his employer to the offices of McInnis Electric Company in Brunswick, Georgia. Plaintiff Rountree was an employee of the McInnis concern which had directed him to assist in unloading the tractor-trailer driven by Bowen. Bowen began to back the truck through the gate of the fenced-in yard adjacent to and contiguous with the McInnis building. When half-way through he stopped the unit. Plaintiff, along with other employees of McInnis Electric Company, had assisted Bowen by directing the movements of the Georgia Highway Express vehicle and in unloading several cartons from the trailer at this location. Bowen was then asked to back the truck further to enable McInnis' employees to unload at a different location. To accomplish this it was necessary to drive the rig forward so that Bowen could then back again.

At this point the gate post was approximately positioned in the middle of the trailer with the cab turned so that Bowen could not view the left side of the trailer. To assist Bowen in his task Rountree stationed himself on the unit's left side near the post. Another McInnis employee, Sonny Smith, was stationed in the street in the vicinity of the cab. As Bowen pulled the unit forward it became apparent to Rountree that the trailer was going to hit the fence post; rather than immediately moving to safety Rountree remained at that position so he could holler to Sonny Smith to have Bowen stop the rig. After repeatedly yelling to Smith plaintiff turned in an effort to find a safe position but was struck in the leg by the gate post which had in turn been hit by the trailer.

1. Defendants contend that they owed plaintiff a duty less than ordinary care since in assisting Bowen he was a mere volunteer. In support of their contention defendants rely upon the rule that: "One who, without any employment whatever, but at the request of a servant, who has no authority to employ other servants, voluntarily undertakes to perform service for a master is a mere volunteer, and the master does not owe him any duty, except that which he owes to a trespasser, — that is, not to injure him wilfully or wantonly after his peril is discovered." *Central of Ga. R. Co. v. Mullins,* 7 Ga. App. 381 (1) (66 SE 1028); *Hornsby v. Haverty Furniture Co.,* 85 Ga. App. 425 (69 SE2d 630); *Rooks v. Jordan,* 115 Ga. App. 360 (154 SE2d 746).

While we have no quarrel with this principle, it is not applicable in the case sub judice. More in point is *Hughes v. Weekley Elevator Co.,* 37 Ga. App. 130, 134 (138 SE 633), wherein this

court held that "'One assisting the servants of another to facilitate his own business, or that of one to whom he sustains a contractual business relation, mutually beneficial, is not a volunteer.' *Davis v. Savannah Lumber Co.,* 11 Ga. App. 610 (2) (75 SE 986)." See also *Southern R. Co. v. Benton,* 57 Ga. App. 520, 523 (196 SE 256) in which this court ruled: "Under the allegations of the petition, the plaintiff, at the time of his injury, was engaged in an act beneficial and of direct interest to himself as well as to the defendant . . . and in no sense of the word could he be considered a mere volunteer or intermeddler." Rountree, in assisting Bowen, did so to facilitate the business of McInnis Electric, his own employer; he was not, therefore, a volunteer and the duty owed him was one of ordinary care.

Furthermore, Rountree was not a volunteer with respect to Bowen since Bowen was himself a servant, not an employer. Thus, the services of Rountree were not secured by a servant of Bowen without authority. See *Harper v. DeFreitas,* 117 Ga. App. 236, 237 (160 SE2d 260).

2. Defendants also assert their motion for summary judgment should have been sustained because plaintiff, having knowledge of the danger, assumed the risk of that danger as a matter of law. "Summary judgment should be granted only in those cases where undisputable, plain and palpable facts exist on which reasonable minds could not differ as to the conclusion to be reached. *Malcom v. Malcolm,* 112 Ga. App. 151 (144 SE2d 188). Questions necessitating a decision as to whether a given state of facts shows that lack of ordinary care for one's own safety which will bar recovery (within which category are placed those situations amounting to the assumption of the risk involved) or only that comparative negligence which will reduce it are generally for the jury." *Stukes v. Trowell,* 119 Ga. App. 651 (168 SE2d 616). We cannot say that as a matter of law the plaintiff assumed the risk.

3. There was no error in overruling defendants' motion for summary judgment.

*Judgment affirmed. Hall, P. J., concurs. Evans, J., concurs specially.*

SUBMITTED NOVEMBER 6, 1973 — DECIDED FEBRUARY 6, 1974.

*Fendig, Dickey, Fendig & Whelchel, Anthony D. Smith,* for appellants.

*Taylor, Bishop & Lee, A. Blenn Taylor, Jr.,* for appellee.

EVANS, Judge, concurring specially. I concur in the judgment, but not in all that is set forth in the opinion. For instance, at page 793 it is set forth that the duty owed to a trespasser is "not to injure him wilfully or wantonly after his peril is discovered" and authorities are cited in support of this statement. But there is ample authority for the proposition that the duty owed a trespasser is not to wilfully and wantonly injure him after his *presence* (and not necessarily his peril) is known. *Kendrick v. Seaboard Air-Line R.*, 121 Ga. 775 (1) (49 SE 762).